HOLLINGSWORTH, Executor *v.* SNYDER.

The papers referred to in section 1732 and chapter 133 of the Code, are not the private papers and notices between parties, in their ordinary business transactions, and which may relate to, or form the foundation of a right; but those intended in the statute, are such as pertain to, or may be required in, an action in court.

The service of a written notice to quit, by a landlord upon his tenant, cannot be proved by the written return and affidavit of the person making the service.

*Appeal from the Des Moines District Court.*

THIS is an action for rent, commenced before a justice of

Hollingsworth v. Snyder.

the peace, and taken by appeal to the District Court, where judgment was rendered for the plaintiff, against the defendant and his sureties in the appeal. · The facts of the case will be found stated in the opinion of the court.

*Browning & Tracy*, for the appellant.

WOODWARD, J.—The deceased was landlord of the defendant, and caused a written notice to quit, to be served upon him. The service of this notice upon him, became essential in the trial. Such service was proved by the written return and affidavit of William Endsley, who does not appear, and is not claimed, to be an officer. Such mode of proof was objected to, but the objection was overruled by the court, and it was admitted without any other evidence thereof.

The court erred in admitting this notice upon this proof alone. The papers referred to, in section 1732, and chapter 133 of the Code, are not the private papers and notices between parties, in their ordinary business transactions, and which may relate to, or form the foundation of a right; but those intended in the statute, are such as pertain to, or may be required in, an action in court. If such a notice as the one in question, could be thus proved, so, also, might a notice of non-payment of a bill of exchange, or any demand which is necessary before suit, or before a right of action arises. It is true that the language of the statute is pretty broad, but the general subject matter of its provisions, the context, and the words "notices required by law," and all papers required to be served upon a party to an action or other proceeding, restrain us from an application of the provision to all the party's acts *in pais*. The proof of all such matters, must be subject to the common rule relating to cross-examination.

The judgment of the District Court is reversed, and a *procedendo* will issue.