## CONNOR v. NATIONAL BANK OF DAKOTA *et al.*

1. Where the appeal is from a judgment rendered upon findings of the court, and there is no bill of exceptions or statement, the findings stand as the established facts, and the appellate court only inquires whether the judgment is such as ought to follow such facts.

2. Where, during the progress of a trial, the court allows a party to amend his pleading in a certain particular, and the trial thenceforth proceeds as though such amendment were then and there actually made, it is to late to raise the objection, on review, that the pleadings do not present the issue that, after the allowance of the amendment, they were treated as presenting.

3. Respondent held notes secured by mortgage against J. J. was also indebted to appellant bank. By arrangement between J. and the bank J. deeded the mortgaged premises to M. The deed was conditioned that M., the grantee, should pay respondent's mortgage. M. knew nothing of the terms of the transfer or of the deed, except that his name was being used by the bank as its trustee to take the title. The bank took possession of the property, and collected the rents, M. deeding to it. *Held* that, as between M. and the bank, the latter was equitibly liable for deficiency.

(Syllabus by the Court. Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action to foreclose a mortgage. From a judgment for a deficiency, defendant bank appeals. Affirmed.

The facts are stated in the opinion.

*Joy, Call & Joy, E. T. Langley* and *John L. Pyle,* for appellant.

A covenant to pay cannot be implied from a deed unless its express terms so indicate. Van Brunt v. Mismer, 8 Minn. 232; Hunt v. Louis, 4 Stewart. 132; Equitable v. Boswick, 100 N. Y. 628; Gage v. Jenkinson, 58 Mich. 169. Where a grantee has assumed a payment of the mortgage, he will not be liable for a judgment deficiency unless his grantor was liable. Wilsey, Foreclos. Mtgs. 611; Cashman v. Henry, 75 N. Y. 103; Vrooman v. Turner, 69 Id. 280; Smith v. Cross, 16 Hun. 487; Norwood v. DeHart, 30 N. J. Eq. 412; Brown v. Stillman, 45 N. W. 2; Nelson v. Rogers,

49 N. W. 526. It must clearly appear that the obligation was intended by the one party and knowingly assumed by the other. Belmont v. Coleman, 22 N. Y. 438; Hall v. Alexander, 26 Ia. 569; Deyermand v. Chamberlain, 88 N. Y. 658; Albany v. Burdick, 87 Id. 40; Elliot v. Sackett, 108 U. S. 232; Sheet v. Ins. Co., 98 Id. 85; Drury v. Hayden, 111 Id. 223; 8 Am. & Eng. Ency. L. 264.

    *T. H. Null*, for respondent.

Kellam, J. This was an action to foreclose a mortgage. The appeal is from so much of the judgment as adjudges the appellant bank liable for deficiency. The judgment appealed from can be examined only with reference to the court's findings. There was no bill of exceptions, or statement, so the findings stand as established facts, and we have only to inquire whether the judgment is such as ought to follow such facts. In September, 1886, defendants J. H. and Lillian Jones, husband and wife, made their promissory note to Fred F. Connor for $2,500, and to secure the same executed to him a mortgage upon real estate in Beadle county. In January, 1888, the said J. H. and Lillian Jones conveyed the mortgaged premises to defendant Howard A. Maxfield by warranty deed, conditioned that said Maxfield should assume and pay said mortgage as a part of the consideration for said premises, and this deed was immediately recorded. At and before the making of said deed, Jones, the grantor, was "largely indebted to the defendant National Bank of Dakota, and said deed was executed at the instance and request of the said bank, the title being taken in the name of Maxfield with the understanding and agreement that he was to hold the same as trustee for the said bank. The business was all transacted by the officers of the said bank, and Maxfield had no knowledge of the deed or its contents, other than that his name was being used by the bank as its trustee. The bank has had possession of the property, and collected the rents accruing therefrom, ever since the time of said conveyance. Prior to the commencement of this action Maxfield conveyed the title to said premises to the said National Bank of Dakota," and in

October, 1888, respondent became the owner of said notes and mortgage. The original complaint only charged that the bank claimed some interest in or lien upon the mortgaged premises subordinate to the mortgage, and prayed personal judgment for deficiency against defendant Maxfield. Notice of no personal claim was also served upon the bank. Maxfield answered, setting up his relation to the transfer, and that "he merely lent his name as an accommodation to the bank, without any knowledge of the contents or conditions of the deed. Upon receipt of Maxfield's answer, showing these facts, the court, upon application of the plaintiff, now respondent, allowed her to withdraw her notice of no personal claim against the bank, and allowed the bank time within which to answer the complaint, with the further condition that, if the bank failed to answer within such time, it should, upon a day named therein, show cause why the plaintiff should not be allowed to amend her complaint "in accordance with the facts as alleged in defendant Maxfield's answer," and to ask personal judgment for deficiency against the bank. The bank answered, denying knowledge or information sufficient to form a belief as to the matters and things alleged in Maxfield's answer, and denied that he had "any right, as trustee or otherwise, to bind this defendant, the National Bank of Dakota, for the payment of the debt secured by mortgage set out in plaintiff's complaint." Upon the trial of the issues thus raised the court found the facts as hereinbefore related.

That the complaint was not actually and physically amended, even if it were contemplated by the court that it should be, we do not regard as very serious. It is very evident that court and counsel all had a definite understanding of the new features that were to be presented by the amendment. There was no chance for misunderstanding or confusion, for the amendment, if made, was to be in accordance with the facts alleged in Maxfield's answer, then on file, and the case was thenceforth proceeded with as though the complaint did state such facts. It often happens, in the progress of a case, that the court allows one party or the other

to amend his pleading, and if the trial then proceeds on both sides as though such amendment were then and there made, it ought ordinarily to be considered and understood as having been made; and it is too late to raise the objection, on review, that the pleadings do not present the issues that, after the allowance of the amendment, they were treated as presenting. Young v. Glasscock, 79 Mo. 574; Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Noonan v. Mining Co., 121 U. S. 393, 7 Sup. Ct. 911. As already observed, the mortgagors conveyed the property by warranty deed to Maxfield. By this deed Maxfield undertook and agreed to pay this mortgage. This deed was recorded in January 1888. Respondent purchased the mortgage in the following October. Presumably she purchased with knowledge of Maxfield's assumption of the mortgage debt, and that his promise thus became a part of the security for the same; but Maxfield, as the court further finds, only took and held the title as the trustee of the bank. "That the business was all transacted by the officers of the said bank, and Maxfield had no knowledge of the deed or its contents, other than that his name was being used by the bank as its trustee." Maxfield was apparently liable for any deficiency, for he had so in fact and form undertaken; but, as between him and the bank, the latter was equitably liable, for it was the real vendee and promisor. Both defendants were before the court, and it had possession of all the facts. In such case it was within its province as a court of equity to settle the whole controversy, and determine the rights of the plaintiff and the liabilities of the defendants, and the order and extent in and to which such liability should attach as between them (Pom. Eq. Jur. § 181); and in so doing it seems to us the court made the very judgment which the rules of equity applied to the facts required, and the judgment is affirmed.