NORTHWESTERN LOAN & BANKING CO. v. JONASEN *et al.*

Comp. Laws, §§ 6073, 6074, provide that in certain cases, before an action for forcible entry and detainer can be instituted before a justice of the peace, a three-days notice to quit must be given the party in possession, which may be served and returned in like manner, as a summons. *Held,* that on such filing of such a notice with the justice it became a part of the record, and was properly before the court on appeal, though it was not offered in evidence.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

This case was determined by this court in an opinion filed June 26, 1899 found in 11 S. D. 566; 79 N. W. 840 in which opinion the judgment of the trial court in favor of defendants was reversed. Respondents petition for a rehearing which in this opinion is denied.

*J. H. Williamson,* (*Aikens & Judge* of counsel) for appellant. *George Rice,* for respondents.

CORSON, J. This case comes before us on a petition for re-hearing. It was decided at a former term of this court, and is reported in 11 S. D. 566; 79 N. W. 840. The petition for re-hearing is based upon the ground that this court assumed in its opinion facts which are not in the record, in that it says: "That the statutory notice to quit was given, and that respond ents remained in possession after the execution and delivery of the deed to appellant based upon regular mortgage foreclosure proceedings and under power of sale, appears upon the face of the records." The respondents contend that this statement is incorrect, for the reason that no notice to quit was offered or received in evidence on the trial of this case in the circuit court, and that the bill of exceptions does not show any such offer on the part of plaintiff and appellant. It is true, as contended by counsel, that no notice to quit, as required by Section 6073 Comp. Laws, was offered or received in evidence, but, in our view of the case, it was not necessary for the plaintiff and appellant to make such proof on the trial in the circuit court, for the reason that the notice to quit served in this case was made a part of plaintiff's complaint in the justice's court, and properly constituted a part of the records of the case. We are of the opinion that under the provisions of Section 6074 the

notice to quit is a jurisdictional paper, and must, with proper proof of service, be filed with the justice at the time the proceeding are instituted.   That section provides: "In all cases arising under subdivisions 4, 5, and 6 of the preceding section three days' notice to quit must be given  *  *  *  before proceedings can be instituted, and may be served and returned in like manner as a summons is served and returned " It will thus be seen that the service of the notice to quit constitutes a condition precedent to the right to institute proceedings.   It was necessary, therefore, that the notice to quit should be served, returned, and filed with the justice before he was authorized to issue a summons in the action.  When, therefore, the notice to quit was so filed authorizing the justice to take jurisdiction of the case, it became a part of the records of the case in his office, and continued as part of the records in the case throughout the proceedings; and, being made a part of the complaint, properly constituted a part of the judgment roll in the action. There was no necessity, therefore, to offer that notice in evidence on the trial, as it had become a part of the pleadings in the case.

It is further claimed, however, on the part of the respondents, that there was no sufficient proof that the notice to quit was served upon the defendants in the action.   But we find upon the notice an affidavit of proof of service, made by Charles B. Kennedy, showing personal service of the notice upon both of the defendants.   No motion appears to have been made, either in the justice's court or in the circuit court, to quash, vacate, or set aside this notice or the return thereon, and the defendants appeared generally in the action.   It is too late, therefore, to raise the question in this court as to the sufficiency

of the proof of the service of the notice. No objections having been taken to the proof of service by the proper proceedings in the court below, we do not deem it necessary to pass upon that question upon this petition for a rehearing. We are of the opinion, therefore, that the court committed no error in assuming that the notice to quit was a part of the proceedings in the case, about which there was no question. The petition for a rehearing is denied.