(112 N. W. 245.)

---

## EULA L. MCLAIN v. H. NURNBERG.

Opinion filed May 4, 1907. Rehearing denied June 24, 1907.

**Forcible Entry and Detainer — Landlord and Tenant — Effect of Surrender of Possession on Action.**

1. Where a tenant, pending an appeal from a judgment against him in justice's court in an action of forcible detainer for the possession of real estate and for the recovery of unpaid rent, surrenders the possession of the property, the trial may legally continue in the district court to determine the issue on the question of rent.

**Same — Jurisdiction — Filing Notice to Quit With Justice.**

2. A justice of the peace acquires jurisdiction to try and determine an action for forcible detainer under section 8406, Rev. Codes 1905, by the giving of a notice to quit although such notice is not filed with the justice when the summons is issued.

**Same — Failure to Pay Rent.**

3. An action for the possession of real estate under the forcible detainer statute may be maintained when the tenant fails to pay the rent within three days after it falls due.

**Same — Sufficiency of Notice — Waiver.**

4. An objection to a notice to quit leased premises on the alleged ground that the notice does not allege the ground on which the possession is claimed is waived by going to trial without specifically attacking the notice on that ground.

**Same.**

5. A notice to quit is not waived by the failure to commence an action for possession until 60 days from the time of giving such notice.

**Appeal — Review — Amendment — Waiver of Objection.**

6 Where the trial court grants leave to amend a complaint and to file the former amended complaint at a later time, and the trial proceeds on the theory that the complaint has been regularly amended, and no objection is made to the irregularity until the case reaches the Supreme Court on appeal, the irregularity is waived.

**Same.**

7. The fact that a verdict is given for a sum larger than demanded in the original complaint cannot be first raised on appeal.

**Same — Evidence to Sustain Verdict.**

8. The insufficiency of the evidence to sustain the verdict cannot be raised for the first time on appeal, and not then until the particulars are pointed out on new trial proceedings.

**Same.**

9. Objections to the competency of evidence cannot be raised for the first time on appeal.

**Trial — Instructions.**

10. A requested instruction is properly refused, unless it is applicable to the facts as proven or to some theory of the evidence given in the case.

**Attorney and Client — Authority.**

11. An attorney employed to collect rent and to serve certain notices has no power by virtue of such employment alone to make new contracts for his principal.

Appeal from District Court, Stutsman County; *Fisk, J.*

Action by Eula L. McLain against H. Nurnberg. Judgment for plaintiff, and defendant appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

There can be no recovery of damages without recovery of possession. 13 Am. & Eng. Enc. of Law (2nd Ed.) 773; Caulfield v. Stevens, 28 Cal. 118; McCleary v. Crowley, 56 Pac. 227.

If notice to quit is prematurely served it is void. King v. Connolly, 51 Cal. 181; Martin v. Splivale, 56 Cal. 128; Douglas v. Parker, 5 Pac. 178.

Notice must be proven on the trial. Stullor v. Sparks, 31 Pac. 301; Douglas v. Parker, 5 Pac. 178.

Notice and proof of service must be filed with the justice before summons is issued. N. W. Loan & Banking Co. v. Jonason, 82 N. W. 94; Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593; Murry v. Burris, 6 Dak. 170, 42 N. W. 25.

Action must commence within a reasonable time after notice. Douglas v. Parker, 5 Pac. 178.

To end a tenancy for breach of covenant demand of performance is necessary. 8 Am. & Eng. Enc. Law (1st Ed.) 140; 9 Enc. Pl. & Pr. 56; Brummagim v. Spencer, 29 Cal. 662.

The recitals of a receipt given on check accepted for a disputed claim are conclusive in the absence of fraud or mistake. Rapp v. Giddings, 57 N. W. 237; Guldager v. Rockwell, 24 Pac. 556; Squires v. Amherst, 13 N. E. 609; Abon v. Rathbone, 8 Atl. 677. Right to recover rent and damages depend upon the right to possession. McCleary v. Crowley, supra; Murry v. Burris, supra.

Amended papers must be verified and served. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518.

A judgment upon an excessive verdict cannot stand. Hammond v. Jewett, 35 N. W. 188; Cummins v. Scott, 20 Cal. 84; Gyle v. Shoenbar, 23 Cal. 536.

*J. A. Murphy* and *S. L. Glaspell,* for respondent.

Appellate court will not investigate merits where there are no longer merits to investigate. In re Kaeppler, 7 N. D. 307, 75 N. W. 253; 2 Enc. Pl. & Pr. 344; Rolette County v. Pierce County, 8 N. D. 613, 80 N. W. 804.

MORGAN. C. J. This is an action of forcible detainer. The plaintiff recovered judgment in justice court for the possession of the house and lot described in the complaint and for the sum of $37, unpaid rent, and damages. The defendant appealed to the district court, and demanded a new trial in his notice of appeal. Prior to the trial in district court the defendant vacated the premises in suit, and the trial proceeded upon the sole issue whether the defendant was indebted to the plaintiff in any sum for rent or for damages on account of the occupancy of the premises. The assignments of error are numerous, but they may all be disposed of by consideration of a part of them as covering or including them all.

It is contended that there must be a reversal for the reason that the verdict and judgment are silent as to the right of the possession of the defendant of the premises at the commencement of the action. There was no issue on the trial in the district court as to the right to the possession. That issue was eliminated by the surrender of possession by the defendant to plaintiff after the trial in justice court. The defendant's contention that no verdict for rent can be sustained without a finding as to the right of possession at the commencement of the trial cannot be sustained. To litigate the right

of possession after possession had been voluntarily given up in a case like this would be litigating an issue already disposed of by the voluntary act of one of the parties. The question whether defendant was entitled to possession when the action was commenced became immaterial. The statute permits a cause of action for unpaid rent to be joined with a cause of action for forcible detainer. The right of possession having been disposed of, the action did not abate so far as the issue as to the non-payment of rent was concerned. Section 8409, Rev. Codes 1905, authorizes the joinder of a cause of action for rent with one of possession. The action is strictly one for possession based on a wrongful detainer, and a recovery for rent is permitted in connection therewith. The cause of action for rent was rightfully joined at the commencement of the action, and, because the question of possession has been determined by the withdrawal of defendant from the premises, we discover no reason why the action should not continue in order that all the issues properly in the case may be speedily disposed of. No authorities are cited in favor of this contention, and we have failed to find any. Cases holding that the right to recover rents is incidental to the right to recover possession do not control the point here involved.

It is argued that the justice of the peace never acquired jurisdiction of the cause, for the reason that the notice to quit was not filed with him at or before the time that he issued the summons. Section 8407, Rev. Codes 1905, provides that a notice to quit "must be given * * * before proceedings can be instituted." There is no statutory requirement that the notice must be filed before summons is issued. We do not think that the absence of a showing that the notice to quit was on file with the justice when the summons was issued defeats his jurisdiction. If such a notice is given before the summons is issued, and that fact is shown on the trial, his jurisdiction is not lost. It is the giving of the notice, and not the filing of it with the justice, that is requisite before the action can be properly instituted. It would be adding to the statutory requirements to hold that filing of the notice is a jurisdictional prerequisite to the commencement of an action. Reliance is placed on N. W. Loan & Banking Co. v. Jonason et al., 12 S. D. 618, 82 N. W. 94, to sustain appellant's contention. The sole question in that case was whether the notice to quit must necessarily be offered in evidence, and it was held that on filing of the same with the justice it became a part of the record. What is there said concerning the necessity of filing the no-

tice before the justice could acquire jurisdiction does not pertain to the point involved and decided. It is true that the service of such notice is a condition precedent to the right to institute the action for possession; but to hold that the filing of it with the justice before a summons can lawfully be issued is jurisdictional is giving a construction to the statute not warranted by its language.

It is further contended that the action of forcible detainer can be maintained only when the tenant "holds over after the termination of his lease or the expiration of his term." The section of the code governing this action reads as follows: "When a lessee in person or by subtenant, holds over after the termination of his lease or expiration of his term, or fails to pay his rent for three days after the same shall be due    *    *    *." Subdivision 4, of section 8406, Rev. Codes 1905. A mere reading of this section is sufficient to controvert appellant's contention. A failure to pay rent for three days after it becomes due is ground for the dispossession of the tenant after the statutory prerequisite of a notice to quit has been complied with. The notice to quit in this case was in writing, and did not specify the ground upon which the tenant was asked to surrender possession. No question was raised as to the sufficiency of the notice in justice court, and the objection was not specifically pointed out in the trial in the district court when the notice to quit was offered in evidence, nor was the attention of the trial court directed to this specific objection at any stage of the trial. The objection was waived by litigating the issues on the merits, even if it were to be conceded that the objection is tenable. The notice was properly given under section 8406, Rev. Codes 1905.

The trial court permitted the plaintiff to amend the complaint and granted leave to file the amendment at a later time. It is claimed that an amended complaint was never filed pursuant to such leave. The trial proceeded without objection on the theory that the amendment had been duly and properly made. The objection is made for the first time in this court that the amendment was not properly incorporated in an amended complaint in accordance with the rule laid down in Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518. It is too late to raise the question now for the first time on an appeal on questions of law. There was clearly a waiver of the irregularities complained of. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

The objection that the recovery was for a greater sum than asked for in the complaint is disposed of on the last assignment. The complaint was amended in justice court by demanding judgment for rent in the sum of $27 and for $25 damages. In the district court the complaint was amended so as to state what the damages were based on. No objection was made to the sufficiency of the amendment, and no objection was made to the evidence received in support thereof. The insufficiency of the evidence to sustain the verdict cannot be raised for the first time on appeal from the judgment. There was no motion for a new trial made, and the particulars wherein the evidence was insufficient were never pointed out to the trial court. The point is also made that no competent evidence was introduced to sustain a verdict for damages for the unlawful detainer. The evidence was not objected to, and the incompetency thereof was not called to the attention of the trial court, and no ruling made or called for on that question. No assignment is based on any ruling in respect to the reception of such evidence. It is too late now to make an objection to its insufficiency or incompetency.

A motion was made for a directed verdict specifying among other grounds that the evidence showed that there was no rent due when the notice to quit was served, and that in consequence thereof the notice to quit was prematurely served. There was no error in the ruling denying this motion. There was a direct conflict in the evidence as to whether there was any rent due on February 13th, when the notice to quit was served. The dispute arose over the fact whether the plaintiff had authorized the defendant to retain possession of the premises at $8 per month until April 1st. This question was submitted to the jury, and they found in plaintiff's favor, thus finding that there was some rent due when the notice was given. The defendant paid to plaintiff's agent $8 for the January rent. The agent had no authority to accept that sum. The payment was made by check, and defendant wrote on the face of said check the words, "in full for rent." The agent turned the check over to plaintiff, who presented it at the bank and received the cash thereon. The check was not presented at the bank for several weeks, and not until plaintiff had notified the defendant that she would claim $2 more on account of the January rent. Notice to quit was served before the check was cashed, and in this notice $2 was claimed as unpaid on account of the January rent. Upon this question the appellant asked the trial court to give the following instruction, which he refused to do: "If there was a dispute or disagreement between the parties

as to whether the January rent should be $8 or $10, and if the plaintiff. knowing or having reason to know defendant's claim in the matter, voluntarily accepted this $8 check dated February 2, 1903, and bearing on its face the words "in full of rent to date," and afterward retained, indorsed, and cashed the same without giving the defendant to understand, in any manner, that she claimed a further sum for said January rent, or did not accept said check in full payment, then the plaintiff can recover nothing, there being full satisfaction." The instruction was properly refused, because it was not applicable to the evidence as given. There was undisputed evidence in the record that the check was not cashed until defendant was notified that a balance of $2 was claimed on account of January rent after crediting the $8 check. There was therefore no unqualified acceptance of the check as payment in full for January, and the indorsement of the words "in full for rent," could have no binding effect as a matter of law. The instruction assumed facts not proven, and under no theory of the evidence was it applicable. Appellant claims that the notice to quit served on February 13th cannot be considered effectual. This claim is based upon the conceded fact that the forcible detainer action was not commenced until nearly 60 days after the notice was served. Mere delay in bringing the action for that length of time was not a waiver of the rights given by the service of the notice. Nothing was done by the plaintiff to indicate that the tenancy was considered as continuing after the notice was served. No rent was accepted, and there was nothing done except a mere suspension of the right to commence an action. Newell v. Sanford, 13 Iowa 191; Jones on Landlord and Tenant, section 271.

Several assignments are based upon the exclusion of evidence to show that plaintiff's agent and attorney for the collection of rent gave the defendant permission to occupy the premises until May 1st at $8 per month. On this assignment it is sufficient to state that it was shown that the agent or attorney had no authority in respect to making new terms as to the tenancy. His employment merely to collect rent conferred no authority upon him to make new contracts. There are other assignments based upon given instructions, but they are not argued, and are therefore deemed abandoned.

Finding no error in the record, the judgment is affirmed. All concur.

FISK, J., disqualified. TEMPLETON, judge of the First district, sitting by request.