LEE, Appellant, v. BRAGGMAN et al. (Braggman, Respondent).

(162 N. W. 788.)

(File No. 4139.    Opinion filed July 5, 1917.    Rehearing denied August 7, 1917.)

**1.    New Trials—Newly Discovered Evidence—Motion For, Pleadings and Evidence, Examined on—Rule.**

Upon a motion for new trial based upon newly discovered evidence, the court should consider the whole case, including pleadings and evidence as presented on the record; as these may well aid in determining whether the new evidence would, if received, be liable to change the result, and may also aid in determining whether justice would probably be promoted by granting the motion.

**2.    Same—Recovery of Land and House Rentals—Counterclaim for Labor and Crop Damages—Amending Answer to Accord and Satisfaction—Verdict Against Evidence—Abuse of Discretion.**

In a suit to recover for alleged agreed rental value of farm land and of house rentals, etc., defendant having counterclaimed for value of labor performed by him for plaintiff, and for damages to crops by plaintiff's livestock; defendant having, after plaintiff rested his case, been allowed over plaintiff's objection to amend his answer by substituting for the counterclaim an allegation of accord and satisfaction involving the rentals and defendant's claim for damages, and that defendant worked for plaintiff one year longer than as claimed in the original answer; plaintiff testifying he had paid for this labor,

partly by checks, and having, since the trial, found checks he. would testify were given in such payment; verdict being for defendant in an amount such that it is held to be against clear preponderance of evidence; held, that, while every presumption must be resolved in favor of the verdict, and it might not be reversible error to refuse to set aside the verdict, yet trial court should have considered the motion for new trial, based upon newly discovered evidence, in the light of the whole record; and, in view of such record, trial court abused its discretion in refusing new trial.

3. Pleadings—Verifying Pleading False as Answer and as Counter-claim—Practice Disapproved—Duty of Litigants to Courts.

Where, in a suit to recover alleged agreed rentals of farm land and a farm house, etc., defendant, although his verified answer contained a general denial, testified he rented corn land, and, while his counterclaim for labor claimed $350., his testimony showed its value less than $200.,held, that it thus appears that defendant verified a pleading false as an answer and false as a counterclaim; that, even if jurors overlook such matters, courts should set their seal of disapproval on such practices; that it behooves litigants to be honest with courts which they expect to stand as their protection against others' dishonesty.

        Smith, J., dissenting.

4. New Trials—Newly Discovered Evidence—Date of Accord and Satisfaction—Affidavit Showing Alibi of Party—Corroboration by Third Party—Non-cumulative Evidence, Effect.

In a suit to recover for value of land and house rentals, etc., defendant having pleaded an accord and satisfaction, and testified it entered into it on a certain date, held, that, while affidavits filed in support of a motion for new trial on ground of newly discovered evidence, in effect showed that plaintiff could, upon a new trial, show by disinterested witnesses and beyond question that he was away from home during the month in which the accord was alleged to have been entered into, thus simply corroborating plaintiff's own testimony; yet, since it would come from disinterested parties, trial court could not rightfully refuse a new trial on ground that such evidence was cumulative.

5. Same—"Recollection of Forgotten" Testimony, Not Newly Discovered—Accord and Satisfaction, Plead After Plaintiff Rested, Effect, re Asking Continuance.

In a suit to recover land and house rentals, etc., defendant having, after plaintiff had rested his case, procured, over objection, leave to amend his answer by substituting for a counterclaim, an accord and satisfaction, held, that, while alleged newly discovered evidence of third parties showing that

during the month in which the alleged accord took place plaintiff was away from home, is not newly discovered evidence, but is, strictly speaking, recollection of forgotten testimony or forgotten witnesses; and while if the original pleadings had alleged an accord and satisfaction and that it was entered into in said month, thus giving due notice of such claim, the Supreme Court would incline to the view that defendant had not given proper excuse for absence of such witnesses at the trial; yet, as all rules of procedure should be reasonably applied, **held**, further, that under the circumstances, plaintiff could not be accused of neglect in not asking for a continuance upon the filing of the amended answer.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Gilbert Lee, against Tom Braggman and another, to recover the alleged agreed value of farm and house rentals, and of certain personalty sold by plaintiff to defendant; defendant having counterclaimed for value of labor performed by him for plaintiff, and, upon the trial, having by amended answer substituted an alleged accord and satisfaction in lieu of the counterclaim. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Parliman & Parliman,* for Appellant.

*Waggoner & Stordahl,* for Respondent.

(3) To point three of the opinion, Appellant cited: Jones Com. on Ev., Vol. 2, Sec. 272; Reducates Land & Canal Co. v. Reed, 26 S. D. 466.

(4) To point four of the opinion, Appellant cited: State v. Laper, (S. D.) 128 N. W. 476; Slunan v. Dolan, (S. D.) 123 N. W. 73.

Respondent cited: Ernster v. Christianson, (S. D.) 123 N. W. 711.

WHITING, J. [1-3] The only assignment of error which we deem it necessary to consider upon this appeal is one assigning as error the overruling of appellant's motion for a new trial. Among other grounds this motion was made upon the ground of newly discovered evidence which appellant could not with reasonable diligence have discovered and produced at the trial. Upon such a motion the court should consider the whole case including the pleadings and the evidence as presented by the

settled record, as these may well aid it in determining whether the new evidence tendered would, if received, be liable to change the result, and they may also aid it in determining whether justice would probably be promoted by the granting of such motion.

Appellant sued to recover the alleged agreed rental value of certain farm lands leased by him to respondent, for which appellant alleged respondent agreed to pay $5.50 per acre, or a total of $179; for 23 months' rental of a house and land connected therewith, for which appellant alleged respondent agreed to pay a rental of $5 per month, or a total of $115; and for $56, the alleged agreed value of certain personal property which appellant alleged respondent purchased of him; in all a grand total of $350. Respondent, in an answer verified by himself, denied every allegation of the complaint and, as counterclaims, alleged that he worked for appellant between March 1, 1914, and March 1, 1916, which work was of the reasonable and agreed value of $350, no part of which had been paid; and that, through appellant's stock, he had suffered damages, in the sum of $225, to his crop of corn grown on appellant's land. After appellant had rested his case respondent sought, and, over appellant's objection, there was granted to him, the privilege of amending his answer and, in place of alleging the damage to the corn as a counterclaim, of alleging an accord and satisfaction whereby appellant's claim for rental of the farm land and respondent's claim for damages to the corn were offset and satisfied. Furthermore, after appellant had rested his case respondent, over appellant's objection, was allowed to amend his answer and to allege that he worked for appellant during the year 1913 as well as from March, 1914, to March, 1916. Although respondent had sworn to an answer denying every allegation of the complaint, upon the witness stand he admitted that he rented the corn land. He denied that he agreed to pay $5.50 an acre therefor. The clear preponderance of the evidence supports the complaint and also shows that was a reasonable rental. The evidence is undisputed that respondent rented and occupied the house for 23 months, and that he had the use of the land connected therewith. Upon the witness stand he admitted that he rented the property and that he expected to pay some rent therefor, but he testified that the house was so poor that the rental value thereof, together with that of the land connected

therewith and a barn or shed thereon, was not worth to exceed 50 cents a month. The evidence of an apparently disinterested witness places the rental value of the house alone at $5 a month. We can hardly believe that respondent, for 23 months, summer and winter, lived with his family in a house the rental value of which was but 50 cents per month. As above noted, respondent pleaded a counterclaim for labor in the sum of $350. Upon the witness stand he testified in detail as to the number of days' work he performed in each year, the kind of work, and the value thereof, the total value being less than $200. It thus appears that he verified a pleading that was false as an answer and false as a counterclaim. Even if jurors overlook such matters, courts should set their seal of disapproval on such practices. It behooves litigants to be honest with the courts which they expect to stand as their protection against the dishonesty of others.

[4, 5] Respondent swore that the date of the alleged accord and satisfaction was in the month of February and the place appellant's home. From the affidavits filed in support of the motion for new trial it appears that appellant could, upon a new trial, show by disinterested witnesses and beyond all possible question that he was away from his home during the full month of February. While this testimony would simply corroborate his own testimony given in relation to this matter, it would come from the lips of disinterested parties. Hence the court could not rightfully refuse a new trial on the ground that such evidence was cumulative. Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72. But it is urged that this is not newly discovered evidence—that it is the recollection of forgotten testimony or forgotten witnesses. Strictly speaking this is undoubtedly correct, and, if the original pleadings had alleged an agreement in accord and satisfaction, and that such agreement was entered into in February, thus giving due notice of such claim, we would be inclined to agree that appellant had not given proper excuse for the absence of such witnesses at the trial. All rules of procedure should be reasonably applied. We think that, under the circumstances, appellant could not be accused of neglect in not asking for such continuance.

[6] Appellant offered to produce, upon the new trial, a witness who would swear that respondent had told him that the corn was in fact of no value. It is urged that this evidence would be

merely cumulative. It is true that appellant and some of his immediate family swore to the value of said corn; but we think the rule announced in Sluman v. Dolan, supra, applies in kind while not perhaps in degree.

[7] As before noted, respondent, in his original answer, made no claim that he was entitled to any pay for work done in 1913 and yet he was allowed, after appellant had rested his case, to amend his answer and then offer proof of such work. Appellant was not advised by the original answer that respondent would claim he had not been paid for work done in 1913, and did not come to court prepared to meet such claims. He did not have with him the checks which he had used in making payments to respondent during that year. It is true that he might have asked for a continuance to give him an opportunity to try to look up such checks. He did not do so but went upon the stand and, while he admitted that the respondent did work for him during that year, he testified that he had paid for such work and paid for it in part at least by checks. Since the trial he has found two checks drawn in favor of the respondent which he now produces and upon a new trial would testify were checks given to respondent in payment for the work done in 1913.

The verdict of the jury was in favor of the respondent in the sum of $150. To our minds such verdict was against the clear preponderance of the evidence, but inasmuch as this was a jury trial and every presumption must be resolved in favor of the verdict, we must presume that the jury disbelieved the appellant's evidence and believed that of the respondent, although same was practically uncorroborated. But, while it might not be reversible error for the trial court to refuse to set aside the verdict as unsupported by the evidence, it should have considered the motion for a new trial in the light of the whole record. We are of the opinion that, in view of such record, the trial court abused its discretion in refusing to grant a new trial.

The judgment and order appealed from are reversed.

SMITH, J. (dissenting). I think this is the first case on record in which it has been ruled that because a client verified pleadings, prepared by his counsel, which contained inconsistent allegations, and at the trial failed to testify to the full measure of the allegations of his pleadings, a trial court should be held guilty

of an abuse of discretion in refusing a new trial on the ground of newly discovered evidence, based upon affidavits plainly, and, I think, concededly, insufficient. The new rule thus introduced into our Code of Civil Procedure is given a very broad foundation indeed, in the majority opinion, which says:

"It thus appears that he verified a pleading that was false as an answer and false as a counterclaim. Even if jurors overlooked such matters, courts should set their seal of disapproval on such practice. It behooves litigants to be honest with the courts which they expect to stand as their protection against the dishonesty of others."

The conclusion drawn from this premise is that the trial court "should have considered the motion for a new trial in the light of the whole record." A consistent application of this new rule will require this court, whenever it is of opinion that the evidence of the prevailing party is false or perjured, to hold the refusal of a trial court to grant a new trial to be an abuse of discretion. That this conclusion is justified is apparent from the fact that the majority opinion is devoted almost entirely to a review of the alleged false and inconsistent statements of defendant in his pleadings, and in his evidence, together with a few brief and cursory allusions to the affidavits upon which appellant demanded a new trial upon the ground of newly discovered evidence. A statement of the contents of these affidavits, and a consideration of the former decisions of this court, seem to me to mark this decision as a practical amendment to our Code of Civil Procedure. In substantiation of this view, I shall summarize with some care the statements in appellant's affidavits and refer to decisions of this court.

The first affidavit is by appellant's counsel, who swears that at the trial plaintiff "produced all the witnesses which he then knew of who had a knowledge in general of the facts, * * * and that he could not with reasonable diligence have produced [naming the new witnesses whose affidavits are also given in support of the motion]; that one of the witnesses was out of the state at the time of the trial; that appellant was past 60 years of age and his mind does not work fast." Counsel also swears, in substance, that plaintiff searched the whole country prior to the trial to find witnesses to testify for his case, and that none of the

witnesses named could be found; that plaintiff used the utmost diligence to find witnesses, and produced all he could think of; that if plaintiff had known that Dr. Putnam, and the two Fehlhofers (named as three newly discovered witnesses) could swear that he (appellant) was in Sioux Falls during February, 1916 (when a certain agreement was alleged by defendant to have been made at appellant's farm), plaintiff would have had them at the trial; that at the trial defendant amended his answer to cover a counterclaim for services in 1913; that plaintiff had checks at home showing payment for the work done by defendant that year.

Appellant's own affidavit is to the effect that he was in Sioux Falls during the whole month of February, 1916, under the medical care of Dr. Putnam, and was not at the place where the above-mentioned alleged agreement was made; and that the identical checks which paid respondent for the work done in 1913 were at his home near Sherman. The affidavit of Dr. Putnam is to the effect that appellant was under his medical care and treatment at Sioux Falls during the month of February, 1916. The affidavits of the two Fehlhofers are to the effect that appellant boarded at their home in Sioux Falls during the month of February, 1916. The affidavit of Aanestad is that Braggman said to him that the corn raised on the land in 1915 was no good. These are all of the alleged newy discovered witnesses. Not a single fact stated in these affidavits comes within the rule of newly discovered evidence.

It is perfectly clear that every fact and circumstance specified was within the personal knowledge of appellant, not only at, but long prior to, the time of the trial. In fact, it will be observed that appellant in his own affidavit does not attempt to say that he did not know before the trial that the witnesses named knew, and could testify to, the facts alleged. On the contrary, his own affidavit and those of the alleged new witnesses conclusively show that the facts to which they would be called to testify consisted of transactions and conversations in which appellant himself personally took part, and could not have been newly discovered. It may be conceded that some decision always may be found somewhere which may be cited as a precedent to sustain an extraordinary ruling, but judicial decisions will be searched in vain

for a case holding that such evidence as this has ever been classed as newly discovered. For that reason, I cannot assume that my Associates intended to hold this was newly discovered evidence, or that appellant's affidavits were sufficient to justify a new trial upon the ground of newly discovered evidence, nor that they were sufficient to convict the trial court of an abuse of discretion. Had appellant at the trial demanded a continuance of the case on the ground of surprise, and the absence of evidence to meet new issues raised by amended pleadings, and appealed from an order denying such continuance, the question of abuse of discretion in refusing a continuance might have been presented for review. But that question is not in this case. It is settled in this jurisdiction that appellant cannot be permitted to take the chances of a verdict in his own favor in the absence of known material evidence, and thereafter plead surprise and demand a new trial upon the ground of newly discovered evidence. Wells v. Wells, 27 S. D. 257, 130 N. W. 780. The same rule has been applied by this court even in criminal cases. State v. Barnes, 26 S. D. 622, 129 N. W. 116; State v. Gregory, 31 S. D. 425, 141 N. W. 365. Neither is a mere want of recollection of facts, nor of the names of witnesses, sufficient to warrant the granting of a new trial. Hayne on New Trial and Appeal, § 92.

The amended answer also pleaded what amounted to an accord and satisfaction as to one of plaintiff's causes of action. No assignment of error is made by appellant upon the granting of the amendment and the record discloses that the action was tried upon the issues made by the amendment, without objection to evidence upon the ground of relevancy, and the issues so made were submitted to the jury upon instructions not excepted to. Appellant's first attempt to raise any question upon the amendment is in his specification of error upon the motion for a new trial, that appellant did not serve or file the amended pleading until after the trial. It is settled in this court that such an irregularity is not a ground for a reversal. The cause having been tried upon issues presented by an amendment properly allowed, the failure to serve or file the amended pleading could not be prejudicial to appellant. In Connor v. National Bank, 7 S. D. 439, 64 N. W. 519, this court said:

"It often happens, in the progress of a case, that the court allows one party or the other to amend his pleading, and if the trial then proceeds on both sides as though such amendment were then and there made, it ought ordinarily to be considered and understood as having been made; and it is too late to raise the objection, on review, that the pleadings do not present the issues that, after the allowance of the amendment, they were treated as presenting."

In Lumber Co. v. Lager, 26 S. D. 160, 128 N. W. 698, Ann. Cas. 1913A, 1128, this court said:

"Moreover, as evidence was introduced, without objection, to establish Tucker's cause of action, it is now too late for appellants to assert the absence of a proper pleading. The defect, if it were shown to exist, could be cured, even in this court, by filing an answer to conform to the facts established by the evidence."

The same principle is recognized in Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715; Mo. River T. Co. v. M. St. L. R. Co., 34 S. D. 1, 147 N. W. 82; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Id., 16 N. D. 138, 112 N. W. 245.

The allowance of this amendment and the presentation thereby of new issues are alluded to in the majority opinion, but I confess my inability to comprehend the reasoning upon which my Associates predicate the amendment, in part at least, as an abuse of discretion in refusing a new trial upon the ground of newly discovered evidence.

The order and judgment of the trial court should be affirmed.