On right to withdraw plea of guilty, see note in 20 A. L. R. 1445.

---

ROWENHORST, Respondent, v. JOHNSON et al, Appellants.

(204 N. W. 173.)

(File No. 5767.   Opinion filed June 3, 1925.)

1. Statutes—Statutory Construction—Word "May" when Used in Statute is Permissive Only.

As a general rule, word "may" when used in a statute is permissive only.

2. Landlord and Tenant—Notice to Quit—Return and Filing of Notice to Quit Not Jurisdictional Prerequisite to Issuance or Service of Summons in Unlawful Detainer.

Although, under Rev. Code 1919, Sec. 2172, as derived from Laws Dak. 1868-69, c. 10, Sec. 5, and Rev. Codes Dak, 1877 (Justice's Code) Sec. 35, service of notice to quit is jurisdictional prerequisite to service of summons in unlawful detainer, the return and filing of such notice with justice or clerk of municipal court as provided for is not prerequisite, being simply optional method of proof of service.

Appeal from Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

Unlawful detainer by Anita M. Rowenhorst against Pauline Johnson and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*E. E. Sullivan,* of Sioux Falls, for Appellants.

*Johnson & Simons,* of Sioux Falls, for Respondent.

(2) To point two of the opinion, Appellant cited: Northwestern Loan & Banking Company v. Johnson, 12 S. D. 618.

Respondent cited: McLain v. Nurnberg (N. D.), 112 N. W. 243.

CAMPBELL, J. Action for unlawful detainer of realty and for rent against the defendants as mortgagors in possession after foreclosure of plaintiff's mortgage, sale, expiration of period of redemption and issuance of sheriff's deed to plaintiff. Judgment for plaintiff for possession of the premises and certain rentals, and defendants appeal.

[1, 2] It appears from the record that a notice to quit, as provided by section 2172, Rev. Code 1919, was duly served on the defendants, but such notice was not filed with the clerk of the municipal court where the action was instituted before the summons was issued or served.

Appellants' sole contention on this appeal is that the return and filing of such notice to quit with the justice or clerk of the municipal court, as the case may be, is a jurisdictional prerequisite to the issuance and service of summons under section 2172, Rev. Code 1919.

We are of the opinion that by virtue of section 2172, Rev. Code 1919, the service of the notice to quit is jurisdictional, but not the return and filing thereof, and that the last clause of the section, "and may be served and returned in like manner as a summons is served and returned," is permissive, and not mandatory.

It is the general rule, and one which has been recognized by this court, that the word "may" when used in a statute is permissive only. Henry v. Meade County Bank, 34 S. D. 369, 148 N. W. 626.

We realize that our present holding on this point is contrary to an apparent holding of this court in the case of Northwestern Loan & Banking Co. v. Jonasen, on rehearing. 12 S. D. 618,

82 N. W. 94. An analysis of the Jonasen case, however, shows that the statement as to this particular point was entirely obiter dictum. This is noted by the Supreme Court of North Dakota in construing their statute on this matter, which is identical with our own and from the same source. It was contended in the North Dakota case that the justice never acquired jurisdiction because the notice to quit was not filed with him at or before the issuance of summons, and the Jonasen Case was cited. The court, however, adopted the view expressed in this opinion that there was no statutory requirement that the notice must be filed before issurance of summons, and that it was the giving of the notice and not the filing thereof which was jurisdictional, and said, in comment on the Jonasen Case:

"The sole question in that case was whether the notice to quit must necessarily be offered in evidence, and it was held that, on filing of the same with the justice, it became a part of the record. What is there said concerning the necessity of filing the notice before the justice could acquire jurisdiction does not pertain to the point involved and decided." McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243.

An examination of the history of the statute in question confirms us in our present opinion. As pointed out by Judge Tripp in Murry v. Burris, 6 Dak. 170, 42 N. W. 25, this particular section was taken from Iowa.

A forcible entry and detainer law was enacted by the first Legislative Assembly of the territory of Iowa in 1838 (Laws 1838-39, p. 217) and by 1851 this particular provision had developed the following form:

"*Notice to Quit.* Before suit can be brought in any except the first of the above classes, three days' notice to quit must be given to the defendant in writing." Section 2365, Code Iowa 1851 (Reprint 1912, p. 238).

Its first appearance in Dakota law is as section 5, ch. 10, Laws of 1868-69, reading as follows:

"Before suit can be brought in any except the first of the classes designated in section 3 hereof, 3 days' notice to quit must be given to the defendant in writing."

The change to the present form was made by the territorial code commission and the section appears as section 35, Justices'

Code, Rev. Codes Dakota 1877, in form identical with section 2172, Rev. Code 1919. Meantime, however, and prior to the Dakota codification of 1877, the Supreme Court of Iowa, in the case of Hollingsworth v. Snyder, 2 Iowa, 435, construing the provision of the Iowa Code of 1851, held that the notice to quit was a private paper or notice and the fact of the service thereof could not be proved by a mere written return and affidavit, but must be proved like notice of non-payment of a bill of exchange, or any other private demand or notice which might be necessary before a right of action could arise. It would seem quite clear that the territorial code commission was familiar with the decision of the Iowa court, and, to avoid its effect and simplify proof of the fact of service, added the final clause to the South Dakota stattue with the intent that it should be permissive and that a plaintiff, if he so desired, might have his notice to quit "served and returned in like manner as a summons is served and returned," and thereupon prove the fact of the service at the trial accordingly; that is, by the return itself.

So much of the decision in Northwestern Loan & Banking Co. v. Jonasen, 12 S. D. 618, 82 N. W. 94, as purports to hold that the notice to quit must be filed with the justice (or clerk) before issuance and service of summons, is therefore expressly overruled, and the judgment of the trial court in the instant case is affirmed.

Note.—Reported in 204 N. W. 173. See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 227, 36 Cyc. 1160; (2) Landlord and tenant, Key-No. 297(3), 36 C. J. Secs. 1834, 1843 (1926 Anno.)