THEODORE M. ERICKSON *vs.* WILLIAM F. FISHER, JR., *et al.*

Argued Oct. 25, 1892.   Decided Nov. 17, 1892.

**Fraudulent Representations—Defenses.**

In an action for relief on the ground of intentional fraud practiced on the plaintiff, as between the original parties, it is no defense that the plaintiff was lacking in ordinary business prudence in relying upon the false representations of the defendants.

**Rescission of Contract for Fraud—Money Judgment for Damages.**

In an action to rescind an executed contract of sale, the court may order restoration in specie of so much of the property as remains in the possession of the defendants, and award compensatory damages for the remainder.

**Facts Litigated by Consent.**

Where the parties have, by consent, tried issues not made by the pleadings, they are bound by the result, the same as if the issues were within the pleadings.

Appeal by Mary A. Cremer and William J. Cremer, two of the defendants, from a judgment of the District Court of St. Louis County, *Ensign,* J., entered February 11, 1892.

Theodore M. Erickson, in December, 1889, owned Lot 317, Block 72, of Duluth Proper, Second Division, and a livery stable, and outfit thereon.   Mary A. Cremer owned twenty lots in Ivy Hill Falls Addition to St. Paul, and twenty-three lots in McCloud's Park Addition to South St. Paul.   December 30th, Erickson and William F. Fisher, Jr., entered into a written contract by the terms of which Erickson agreed to convey to Fisher the Duluth property, and Fisher agreed to convey to Erickson the twenty lots in Ivy Hill Falls Addition, and to assign to him mortgages aggregating $10,000, on the lots in McCloud's Park Addition. . January 24, 1890, Mary A. Cremer and William J. Cremer, her husband, conveyed the lots in Ivy Hill Falls Addition to Fisher, and on January 30th the lots in McCloud's Park Addition.   On the latter date, Fisher conveyed the last-named lots to J. L. Bunnell, who executed and delivered to Fisher two mortgages thereon, securing two notes aggregating $10,000.   Bunnell paid no consideration for the lots, was without pecuniary re-

sponsibility, and acted in the transaction at the request of defendants. In pursuance of the contract, Erickson on February 7, 1890, delivered to Fisher a deed and bill of sale of the Duluth property, and Fisher delivered to Erickson a deed of the lots in Ivy Hill Falls Addition, and assignments of the two mortgages. On March 15, 1890, Fisher conveyed the Duluth property to Mary A. Cremer.

Erickson, having tendered to Mary A. Cremer a deed of the lots in Ivy Hill Falls Addition, and an assignment of the two mortgages, demanded from her a conveyance of the Duluth property. She refused, and he brought this action in January, 1891, making Fisher, Bunnell, Mary A. Cremer and William J. Cremer, defendants. He alleged that he had been induced to make the contract with Fisher by fraudulent representations; that Fisher was acting as the agent of Mary A. Cremer; that William J. Cremer abetted and assisted in · the fraud. He demanded judgment that the Cremers execute and deliver to him a deed of the Duluth lot, and deliver to him the personal property. Fisher and Bunnell were not served and did not appear in the action. The Cremers answered, and the case was tried July 6, 1891. The court filed its decision October 22, 1891, finding that the plaintiff had been induced to make the contract by the fraudulent representations of Fisher, acting as the agent of Mary A. Cremer, and ordering judgment that the Cremers deliver to plaintiff a deed of the Duluth lots, and a bill of sale of the personal property. It appeared on the trial that Mary A. Cremer had disposed of the personal property, and by additional findings made January 23, 1892, the court found its value to be $4,000, and ordered a money judgment against the defendants Cremer for this amount, and struck out of the original findings the clause directing them to deliver to plaintiff a bill of sale of it. Judgment was entered pursuant to the findings as amended, and defendants Cremer appeal.

*R. P. Edson, John Jenswold, Jr., John B. & E. P. Sanborn,* and *Charles P. Brown,* for appellants.

*W. Hammons* and *J. A. Payne,* for respondent.

MITCHELL, J. This was an action for the rescission, on the ground of fraud, of an executed contract, by which plaintiff exchanged cer-

tain real and personal property in Duluth for certain lots in "Ivy Hill Falls addition to St. Paul," and a mortgage for $10,000 on certain other lots in "McCloud's Park addition to South St. Paul."

Plaintiff made the trade with defendant Fisher as principal, but in fact Fisher was acting in behalf of the Cremers, and immediately transferred all the proceeds of the transaction to Mrs. Cremer. From an examination of the evidence, we are perfectly satisfied that it fully justified all the material findings of fact of the trial court. The case abounds in evidence, both direct and circumstantial, that Fisher perpetrated an intentional fraud on plaintiff, and that defendant William J. Cremer aided and abetted it. Without taking into account any other acts or representations, Fisher's misrepresentation to plaintiff as to the location of the property which he proposed to trade to him was of itself sufficient to entitle plaintiff to a rescission. Plaintiff was unacquainted with plats or the location of property in the vicinity of St. Paul. Fisher professed to take him out upon the ground, and point out the property which he proposed to turn out in the trade, but, in fact, as the court finds, fraudulently pointed out other property, differently located. Fisher's proposition was to convey to plaintiff a certain number of lots, and to transfer to him a mortgage upon a certain number of other lots; and, when they went out on the ground to see the property, Fisher did not point out any particular lots, but merely professed to point out the general locality where they were situated, and when they returned to the city plaintiff himself made the selection of the specific lots from the plats.

Considerable point is attempted to be made of this, as showing that Fisher's representations were neither material nor relied on, and that plaintiff, when he made the selection from the plats, knew exactly what property he was getting. But we fail to see why the representation as to the locality where the lots were situated was not material, if relied on by plaintiff in making his subsequent selection; nor do we see how an inspection of the plats would inform him of the falsity of Fisher's representation as to the actual location of the lots on the ground.

It is also urged that plaintiff was guilty of negligence in not availing himself of the means at hand of examining the property, and

verifying its exact location, and for that reason is not entitled to relief. That he was lacking in ordinary business prudence must be admitted. But the maxim *caveat emptor* is not to be carried so far that the law shall ignore or protect positive fraud successfully practiced upon the unwary.

As between the original parties, one who has intentionally deceived the other to his prejudice ought not to be heard to say, in defense, that the other party ought not to have trusted him. *Maxfield v. Schwartz*, 45 Minn. 150, (47 N. W. Rep. 448.)

Neither does the record furnish any warrant for the claim that plaintiff himself was attempting to perpetrate a fraud on Fisher, or, to use the language of counsel, that it was a case of "diamond cut diamond," and therefore plaintiff ought not to be granted any relief. The only foundation for any such charge is that plaintiff, in view of the fact that he was contemplating trading his property for other property upon which "trading" prices would probably be put, placed trading prices upon his own property largely in excess of its actual value as found by the court. But his property was all in sight; its location, description, and character equally well known to both parties; and no fraud, legal or actual, could be predicated upon the mere fact that trading prices were placed upon it.

The Cremers in their answer alleged that they "had parted with the greater portion of the personal property received from the plaintiff," and hence were not in condition to restore it. Upon plaintiff's having executed and brought into court a reconveyance of the land, and a reassignment of the mortgage which he had received, the court ordered that the Cremers reconvey to him the real estate which he had conveyed to Fisher, and that he have judgment against the Cremers for the value of the personal property, and of the use of the real property during the time they had possession of it. The rendition of this money judgment for damages or compensation, whichever it be called, is also assigned as error.

If the proper foundation be laid in the pleadings and proof, there can be no doubt that, in actions of this class, as for rescission or specific performance, the court may grant the distinctly equitable relief, as far as can be done; and also, if full relief of this kind has become

impracticable, as where the defendant has put it out of his power to fully perform or fully restore, decree payment of compensatory damages, so that all the rights of the parties growing out of the entire transaction may be fully determined in the one action. This was always so under the old equity practice, and is certainly none the less so under the reformed procedure. This not only may, but probably must, be done in the same action. See *Thompson* v. *Myrick*, 24 Minn. 4.

The allegations of the complaint were probably insufficient in that regard, but the allegation in the answer, already referred to, in part supplied this defect; and upon the trial the matters of the value of the personal property, and of the use of the real property, were gone into, and evidence on those questions admitted without objection.     .

We have repeatedly held that this amounts to a consent to try an issue, although not made by the pleadings. The assignments of error are quite numerous, but this covers all that we find in them of sufficient importance to call for special consideration.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 638.)