TOTTEN, Respondent, v. STEVENSON, Appellant.

(135 N. W. 715.)

1. **Sales—Express Warranty—Issues.**

A purchaser of seed corn who made an advance payment before full delivery, and sued for breach of express warranty of a specified germinating standard and to recover back the payment, cannot recover in absence of proof of breach of such warranty, even though there was an issue of implied warranty under one phase of the evidence.

2. **Instructions—Issues—Misleading Instructions.**

In an action by purchaser of seed corn for rescission of the contract and recovery of an advance payment, plaintiff relying on an express warranty, and defendant's counterclaim alleging plaintiff's refusal to accept the corn; the court instructed that plaintiff must show an express warranty in order to recover, and in another instruction that if the corn was sold, as alleged by defendant, without an express warranty, and was reasonably fit for seed corn, the purpose for which it was bought, if bought, defendant could recover on his counterclaim; **held,** such instruction was not misleading to the jury.

3. **Implied Warranty—Counterclaim—Evidence Outside of Issue.**

Where defendant counterclaimed for affirmative damages for breach of contract for corn sold to plaintiff without warranty or condition, but the issues did not disclose the purpose for which the corn was bought, still, where defendant without objection testified that plaintiff informed him and that he knew plaintiff purchased same for seed; under such evidence the law implies a warranty of fitness of merchandise sold for the purpose for which bought; and **held,** that the burden was on defendant to prove, in order to recover, that the corn was reasonably fit for seed, unless it also appeared there was a contract wholly excluding the implied warranty.

4. **Instructions on Evidence Outside of Pleading—Implied Warranty.**

Where the seller of corn counterclaimed for purchaser's breach in refusing to accept, and testified without objection

that ·the purchaser informed him that he intended to use it
for seed; held, that instructions were properly based ·upon such
evidence, though the facts were not pleaded, and the court
properly instructed on the subject of implied warranty, as, if ·
the corn was not reasonably fit for seed, defendant ·could not
recover.

5. **Theory of Trial—Instructions on Whole Case.**

It is ·proper ·to give instructions on the theory upon which
the parties try the case, although the pleadings, technically,
do not support such theory; and where plaintiff's ·cause of
action was based upon and governed by the rules relating to
express warranty, yet where defendant's counterclaim, taken
in ·connection with defendant's evidence, was governed by rules
relating to implied warranty, held, it was ·proper for the court
to instruct upon both theories.

6. **Both Express and Implied Warranty—Instructions, How Applied.**

Although it is generally held there ·can be no implied war-
ranty of fitness where an express warranty exists, yet, there
might exist either ·one or the other, where the opposite of one
·or the other is found to exist; and held, that in giving the
instruction complained of, the trial court intended the refer--
ence ·to the implied warranty to be ·considered only in the
event that ·the jury found there was no· express warranty.

7. **Instruction not Requested—No Error.**

While the court might have instructed that if the jury be-
lieved defendant's version of the alleged sale—that he told
plaintiff he would not warrant the corn in question for any
purpose,—no warranty, express ·or implied, could be considered
as against defendant; yet, as no such instruction was re-
quested, held, no error ·can be based on the absence thereof.

8. **Express Warranty Found—Instruction on Implied Warranty**
     **Immaterial.**

Where the jury find that there was an express warranty,
an instruction as ·to implied warranty, if ·conceded to be
erroneous, is error without prejudice, ·as such finding ren-
dered immaterial the question of implied warranty.

9. **Testimony—Improper Cross-Examination—Scope—Immateriality.**

Where testimony concerning difficulty in getting good seed
corn sought to be adduced on cross-examination, did not
relate to   anything the party had testified to ·on direct exam--
ination, and was material only in connection with the opposite
party's counterclaim, which was not yet opened to the jury,
·held, such testimony was properly rejected. Held, further,
that such testimony was wholly immaterial for any purpose;
the subject ·of sale being the particular ·corn of defendant.

10· **Insufficiency of Evidence—Substantial Conflict—Verdict Con-**
     **clusive.**

Where the evidence concerning the amount of corn delivered

under a sale, presents substantial conflict, the verdict of the jury is conclusive.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Clay County. Hon. R. B. TRIPP, Judge.

Action by S. M. Totten against H. A. Stevenson, for rescission of a contract for purchase of corn under an express warranty, and for damages for breach. Defendant set up a counterclaim, denying the allegations in the complaint, and alleging a contract of sale of the corn without warranty express or implied, and plaintiff's breach, and for damages. Defendant's testimony was to the effect that plaintiff told him he intended to use the corn for seed. From a judgment for plaintiff on all issues, defendant appeals. Affirmed.

*John L. Jolley* and *C. H. Dillon,* for Appellant.

The court erred in instructing the jury as set forth in the opinion.

The charge as a whole is contradictory and inconsistent. Where the instructions should have been exactly the same in different parts of the charge, there are discrepancies. After stating the pleadings, the learned judge charged as follows:

"Gentlemen, the first question for your consideration is what, in fact, was the agreement between these parties with reference to the corn involved in this action....If....you find from the evidence that there was in fact no...condition or guaranty, on the part of Mr. Stevenson, in regard to the corn, you should find in favor of Mr. Stevenson, and he would not have to refund the $775.00, or any part thereof."

That is the charge concerning the plaintiff's claim. There is nothing in that about the fitness of the corn for seed. One instruction must be error. It is the defendant's contention that the error lies in the latter charge, which injects into the case a consideration of implied warranty of fitness for purpose.

Furthermore, such a charge is of a nature calculated to confuse a jury.

The part of the charge embodied in the 4th assignment of error, was erroneous in that it injected into the case when pre-

sented to the jury an issue of implied warranty, which issue was not in the pleadings, was not considered during the trial, and should not have been presented to the jury. In the second paragraph of his complaint the plaintiff pleads a contract with express warranty. See Cosgrove v. Burnett (Minn.) 20 N. W. 359, holding an analogous stipulation an express warranty; 35 Cyc. 381, with collected authorities; Hoffman v. Dixon, (Wis.) 81 N. W. 491; Burr v. Lathrop Co. (Nebr.) 72 N. W. 1058; Neave v. Arntz, (Wis.) 14 N. W. 41. For an express warranty excludes an implied warranty and any contract of sale having the former as a part cannot have an implied warranty connected with it. LaCrosse Plow Co. v. Helgerson, (Wis.) 106 N. W. 1094; Gaar Scott & Co. v. Hodges, (Ky.) 90 S. W. 580; Guhy v. Nichols & Shepherd Co., (Ky.) 109 S. W. 1190; Stimpson Co. v. Taylor, (Ga.) 61 S. E. 1131; Crankshaw v. Schweizer Mfg. Co., (Ga.) 58 S. E. 222; De Loach Mfg. Co. v. Tutweiler Co., (Ga.) 58 S. E. 790; Dowagiac Mfg. Co. v. Mahon, (N. D.) 101 N. W. 903; Thomas v. Thomas, (Ala.) 41 So. 141; Monroe v. Hickox Co., (Mich.) 107 N. W. 719; Wasatch Co. v. Morgan Co., (Utah) 89 Pac. 1009; Holcombe v. Cable Co., (Ga.) 46 S. E. 671; Dwight Co. v. Western Co., (Wis.) 90 N. W. 444; Dickson v. Zizinia, (Eng.) 10 C. B. 602; Chanter v. Hopkins, (Eng.) 4 Mees. & W. 399; Baldwin v. Van Deusen, 37 N. Y. 487; DeWitt v. Berry, 134 U. S. 306; Whitmore v. Iron Co., (Mass.) 2 Allen 52; McGraw v. Fletcher, 35 Mich. 104; Benjamin on Sales (4 Am. Ed.) Sec. 666; Bucy v. Pitts Agricultural Works, (Iowa) 56 N. W. 541; Reeves v. Byers, (Ind.) 58 N. E. 713; Berthold v. Seevers Mfg. Co., (Iowa) 56 N. W. 669; Parkinson v. Lee, (Eng.) 2 East 314; Case Plow Works v. Niles & Scott Co., (Wis.) 63 N. W. 1013.

The cases that can be found where the plaintiff declared on a theory of express warranty, and the learned judge charged on implied warranty are all to one effect:—that such charge is error. They hold that the plaintiff cannot recover on a theory that is excluded from his complaint. Springer v. Indianapolis Brewing Co., (Ga.) 55 S. E. 53. See, also, Malsby v. Young, (Ga.) 30 S. E. 854; Pemberton v. Dean, (Minn.) 60 L. R. A. 311.

The instruction given by the learned judge in the case at bar cannot be reconciled with these holdings.  Smith v. Evans, (Nebr.) 14 N. W. 406.

The error prejudiced the defendant.  The only possible inference that the jury could draw from this charge was that if they found no express warranty, they should not stop, but should go on, should take up the question of whether the corn was "fairly and reasonably well suited or adapted for seed" and should find for the plaintiff if the corn was not what those 12 men, on their unaided personal judgment, considered "fairly and reasonably well suited or adapted for seed," and find it despite the fact that they had just found for the defendant on the only point put at issue by the pleadings, whether or not there was an express warranty.

The code provides that:  "Except as prescribed by this article a mere contract of sale or agreement to sell does not imply a warranty."  Rev. Civil Code, Sec. 1323.  According to that section the only implied warranty of fitness for purpose is the one specified in the code.  The only implied warranty of fitness for purpose that is specified in the code is a warranty by one who manufactures an article under an order.  Sec. 1329.  If it could possibly be construed that this is not a charge on implied warranty of fitness for purpose, but is merely a general charge on implied warranty, still there is no section of Article 3, page 173, Rev. Civil Code, under which this instruction can be vindicated.  Even under the general language of Sec. 1330, it is impossible.

The court should have permitted the cross-examination of the plaintiff in reference to the matters set forth in the 1st, 2nd and 3rd assignments of error.

The verdict is against all of the evidence, in this, that the jury gave the defendant no credit for a large amount of corn delivered to the plaintiff by the defendant.

The situation briefly is this: the defendant testified he delivered 228 bushels of corn to the plaintiff, the plaintiff testified he returned 114 bushels, and kept the rest.  He must have kept and used 214 bushels.  Yet the jury proceeded upon the theory that plaintiff kept 100 bushels and subtracted $50 (computing the

value of the corn at the market price of ordinary corn, 50c per bushel) from the $775 paid to defendant by plaintiff, and gave their verdict for $725 and interest.

The defendant testified positively to the delivery by him of six loads of corn to Mr. Totten. He definitely testified to the weight of each load, down to odd pounds of corn, taking his information from a book of original entry.

The two witnesses for plaintiff, Mr. Totten and Mr. Chapman both testified they did not know how much corn Mr. Stevenson brought.

The defendant therefore contends that the verdict is excessive; that the jury was bound to subtract $214, the contract price of 214 bushels of corn from the $775 and if it rendered a verdict for the plaintiff was bound to render it for only $561 and interest. For the plaintiff accepted and used this corn. He testified, "I shipped away all of the corn he delivered except what was taken to Thompson's elevator." (Tr. p. 14.)

This verdict was the result of passion and prejudice. No fair minded jury could thus assess damages in the teeth of all the evidence. Palpable disregard for the rights of the defendant can well be imputed to the jury. Davis v. Mining Company, 20 S. D. 399.

The court erred in overruling the defendant's motion for a new trial.

*Gunderson & Gunderson* and *French & Orvis,* for respondent.

It is contended that the court's charge to the jury is contradictory and inconsistent but as we construe the charge, it is not open to this objection. The court, as appears at ff. 49 and 50 of appellant's brief in charging upon plaintiff's cause of action, told the jury as follows: "Did Mr. Stevenson guarantee that this corn had, or possessed a germinating power of at least 90 per cent., or was the purchase, if there was a purchase, on condition that it had that power or quality? If you find by a preponderence of the evidence in this case these questions or either of them, should be answered yes, and you also find that the corn did not possess that germinating power, your verdict should be in

favor of the plaintiff, Totten, for $775.00 that was paid, with interest thereon at 7 per cent. per annum from the time of the payment, to this time, less the fair market value of the corn that had been kept or used by Mr. Totten. If on the other hand, you find from the evidence, that there was in fact no such condition or guaranty on the part of Mr. Stevenson in regard to the corn, you should find in favor of Mr. Stevenson and he would not have to refund the $775.00, or any part thereof."

The portion of the court's charge to the jury which appellant's counsel contend is inconsistent with that part of the charge already referred to, was given by the court in charging upon the issues raised by defendant's counterclaim.

From the evidence of defendant, as well as of plaintiff, the court knew, and the jury knew, that the transaction between plaintiff and defendant was a *seed corn* transaction; that plaintiff bought the corn for *seed corn;* that defendant sold it to him for *seed corn;* and that there was no contract between plaintiff and defendant for the purchase or sale of anything but *seed corn* as distinguished from corn for feed, or ordinary corn.

Clearly there could be no error in the part of the instructions excepted to. Corn for purposes other than seed, was only worth fifty cents per bushel. This appears not only from the evidence of plaintiff but it also appears from Mr. Stevenson's testimony and from the allegations of his counterclaim. Shaw v. Smith, (Kans.) 11 L. R. A. 681.

The court in charging upon plaintiff's cause of action was bound to charge the jury upon plaintiff's theory of the case as shown by his evidence, and the evidence of his witnesses, and in charging upon defendant's counterclaim was bound to charge upon the issues presented by the evidence in support of such counterclaim.

If plaintiff was entitled to recover upon the cause of action supported by his evidence and that of his witnesses, defendant could not be entitled to recover upon his counterclaim. After it appeared by undisputed testimony that the corn was bought for seed corn and for no other purpose, the vital question in the case un-

der defendant's counterclaim was whether such corn was fairly and reasonably well suited or adapted for seed, the purpose for which it was bought.

The objection to each question put to plaintiff and ruled out was that it was not proper cross-examination. An examination of the record will show that the objection was properly sustained in each instance. Nothing had been testified to by the plaintiff, Mr. Totten, in direct examination which would permit these questions upon cross-examination.

In regard.to alleged insufficiency of the evidence: we answer that the testimony does not show that plaintiff kept, retained or used any of the corn *knowing its condition*; and the jury found that the plaintiff did not keep and retain 214 bushels of the corn. The evidence shows that what corn plaintiff did receive, that was not re-delivered to defendant, or to Thompson's elevator, for him, was only worth fifty cents per bushel.

McCOY, P. J. In this case, plaintiff, in his complaint, substantially claims that he contracted with defendant to purchase some 2,000 bushels of seed corn, guaranteed or warranted by defendant to stand a germinating test of 90 per cent. or better, at $1 per bushel, to be delivered to plaintiff at his place of .business in Vermillion; that he paid to defendant $775 to apply on said contract; that defendant delivered a portion of said corn; that the same failed to come up to the guaranteed test of 90 per cent., but only would test about 60 per cent., and by reason thereof plaintiff refused to accept more of said corn; that of said corn delivered to plaintiff he kept 100 bushels, and returned 114 bushels to defendant by delivering the same at the elevator of one Thompson, at the request of defendant; that the 100 bushels of corn so kept by plaintiff was reasonably worth 50 cents per bushel. Plaintiff seeks by this action to recover $775, less the $50, the value of 100 bushels kept by plaintiff. On the other hand, defendant, by his answer, in substance claims that he sold to plaintiff 3,500 bushels of corn, at $1 per bushel, without warranty of any kind or nature; admits that plaintiff paid him $775 on said contract, and alleges that he hauled and delivered to plaintiff 214 bushels of said corn,

and that he has at all times been ready, able, and willing to deliver the said corn so sold to plaintiff, but that plaintiff has refused and declined to receive the same; that corn was, at the time plaintiff so refused to accept the same, of the value of 50 cents per bushel. Defendant demanded Judgment against plaintiff for $1,089, damages for breach of contract. Plaintiff made reply, denying the allegations of the counterclaim. On the trial, plaintiff recovered verdict and judgment for $725, together with interest. Defendant appeals.

[1, 2] Appellant first contends that the court erred in giving the following instruction, which was duly excepted to by defendant: "Now, if you find by a preponderance of the evidence that there was a sale, as thus defined, of the corn referred to in the counterclaim by Mr. Stevenson to Mr. Totten, without any express warranty or condition, and also find that the corn was fairly and reasonably well suited or adapted for seed, the purpose for which it was bought, if bought, you should find in favor of the defendant, Stevenson, on his counterclaim." It is contended that the portion of this instruction "and also find that the corn was fairly and reasonably well suited or adapted for seed, the purpose for which it was bought," constitutes error, in that it is inconsistent and contradictory to other portions of the charge, and of a nature calculated to confuse the jury, and erroneously contemplates and includes an implied warranty of the fitness of said corn for seed; no such implied warranty being alleged by any of the pleadings. We are of the opinion this contention is not tenable. In other portions of the charge, the court did instruct the jury, in substance, that plaintiff could only recover upon a finding that there was a warranty that the corn would stand a germinating test of 90 per cent.; and that if the jury found there was no warranty by defendant plaintiff should not recover. In giving this instruction, the court clearly had reference to the express warranty, claimed by plaintiff as a part of his cause of action, upon which plaintiff based his right to an affirmative recovery of the money he had paid and advanced to apply on the contract, as the contract was claimed to be by plaintiff. Defendant denied the contract as alleged by plaintiff. Plaintiff could recover an affirmative

judgment only upon the express warranty. The prior instruc-
tions of the court clearly applied to the question of express war-
ranty; and no confusion can reasonably result therefrom in con-
nection with the excepted-to instruction.

[3, 4] Defendant, by his answer, set up a counterclaim, and
demanded affirmative damages for breach of contract for corn
sold to plaintiff without warranty · or condition. This counter-
claim constituted another cause of action, alleged on behalf of
defendant, for which he sought an affirmative judgment against
plaintiff. While it nowhere appears in the allegations of the
counterclaim, or in plaintiff's reply thereto, the purpose for which
said corn was bought, still defendant, without objection, testified
that plaintiff informed him and that he knew plaintiff purchased
the same for seed. Under such evidence, in the absence of an
express contract to the contrary, the law implies a warranty of the
fitness of the merchandise sold for the purpose for which it was
bought; and the party seeking to recover damages for the breach
of the contract in refusing to accept the said merchandise has the
burden of showing that the merchandise tendered in fulfillment of
the contract filled the requirements of the implied warranty created
by statute. In this case, although plaintiff might not recover
affirmative judgment without establishing an express warranty,
still neither would defendant be permitted to recover affirmative
judgment on his counterclaim, after having testified, without ob-
jection, that he knew plaintiff purchased said corn for seed, with-
out first showing that the corn was reasonably fit for such pur-
pose, unless it also appeared there was a contract wholly exclud-
ing the implied warranty.

[5] Evidence, of matters pertinent to and connected with the
cause of action on trial, received without objection by either party,
although not pleaded, has the same force and effect, for the pur-
poses of the trial, as if properly pleaded; and under such circum-
stances it was proper for the trial court to base his instructions
on the pleadings as well as the evidence, although some of the
evidence was without the allegations of the pleadings. Where
parties raise issues of fact not alleged in the pleadings, without ob-
jection, it is not error to instruct the jury on such issues. It is

proper to give instructions on the theory upon which the parties try the case, although the pleadings, technically, do not support such theory. Hughes on Instructions, § 99; Blashfield, Instructions, § 84; Qualy v. Johnson, 80 Minn. 408, 83 N. W. 393.

Thompson on Trials (section 2310), in considering this rule, says: "The sound rule is believed to be that the instructions have no connection with the pleadings, except *through* the evidence. The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense, and to guide the court in admitting or rejecting evidence. The jury have nothing to do with them, and are not permitted to take them to their room when they retire; and it is unprofessional for counsel to comment on them to the jury, nor should the court permit it to be done. Suppose, then, that facts come out in the evidence *broader* than those alleged in the pleadings, or otherwise varying from them. Is the judge to instruct the jury upon the whole evidence, or is he to limit his instructions to so much of the evidence as is within the scope of the pleadings? The proper answer is believed to be this: If neither of the parties has objected to the evidence on the ground of variance, the judge is to instruct the jury upon the whole evidence: the rule being that a variance between the pleadings and the evidence is no ground of error, unless the evidence was objected to on this ground at the time it was offered."

It is obvious that this doctrine cannot be extended to cases where the evidence is so widely variant from the pleadings that the facts thereby established constitute a new or different cause of action, or would not have been a proper subject for amendment of such pleading on the trial. The evidence of defendant as to his knowledge of the purpose for which the corn in question was purchased by plaintiff was part and parcel of the cause of action alleged in defendant's counterclaim. In this case, defendant might have defeated an affirmative recovery by plaintiff by showing no express warranty of the corn sold, and in which case, if there was no recovery by defendant on his counterclaim, defendant would have been entitled to a judgment for costs only, and a dis-

missal of plaintiff's cause of action; hence an instruction to that effect, in connection with plaintiff's cause of action, was proper. Plaintiff, although failing to recover on his cause of action, might, nevertheless, have defeated defendant's claim for affirmative damages by showing that he purchased said corn for the purposes of seed only which fact was then known to defendant, in which case plaintiff would have been entitled to a finding dismissing the counterclaim. Plaintiff's cause of action was based upon and governed by the rules relating to express warranty. Defendant's counterclaim, taken in connection with the evidence of defendant, was governed by the rules in relation to implied warranty. The plaintiff was not seeking to recover upon an implied warranty, but was seeking only to defeat defendant's recovery of damages on his counterclaim by invoking the rule relating to implied warranty, created by statute, under the evidence that came into the case without objection. It was proper for the court to instruct upon both theories.

[6] It is also insisted there was error in giving the said instruction, for the reason that there cannot exist both an express and an implied warranty covering the same subject-matter. It seems to be generally held, with some exceptions, that there can be no implied warranty of fitness where there is an express warranty upon the same subject; but that rule would not necessarily render erroneous the instruction in question, as there might exist either one or the other, where the opposite of either one or the other is found not to exist, and both might be considered on the trial of a suit, without finding that both existed. At the time the instruction in question was given, the trial court would not be presumed to know what the finding of the jury might be as to whether or not there was an express warranty. If the jury found there was an express warranty, of course there could not be an implied one, and the question of implied warranty then ceased to be an issue; but, on the other hand, if the jury found there was no express warranty, then there was evidence in the case sufficient to warrant the court in instructing the jury that, before defendant would be entitled to a verdict under his counterclaim for breach of contract in plaintiff's refusing to accept the corn, he must show

that the corn tendered by him to plaintiff was reasonably fit for the purpose for which plaintiff agreed to purchase the same; the evidence further showing that defendant grew the corn in question; that the same was not present at the place where said contract was made, and was not inspected by plaintiff. In this instruction, the court intended the reference to the implied warranty to be considered only in the event that the jury found there was no express warranty.

[7] It was the province of the court to instruct the jury upon all the diffrent theories presented by the evidence. In connection with the evidence of defendant that, in a conversation with plaintiff, he told plaintiff he would not warrant said corn for any purpose, which was denied by plaintiff, the court might have further, in addition to all the other instructions, instructed the jury that, if they believed defendant's version of this question, no warranty, either express or implied, could be considered as against defendant; but as no such instruction was requested, no error can be based on the absence thereof.

[8] Again, even conceding the instruction given, as to implied warranty, erroneous, still, under the finding that there was an express warranty it must be treated as error without prejudice, as the finding of the jury excludes, and rendered immaterial, the question of implied warranty.

[9] Appellant urges as error the exclusion of certain testimony. On cross-examination of plaintiff, after he had been examined in chief as to his cause of action, he was asked the following questions by counsel for defendant: "Now, during the sale of seed for that year, you found difficulty, did you not, in getting good seed corn? Now, the seed corn for—the corn that was grown in 1909 was found to be very poor on the entire market was it not? Why were you buying 1908 corn?" Each of these three questions were objected to, on the ground of not being proper cross-examination, and the objections were sustained, and to which rulings the defendant duly excepted. We are of the opinion the trial court ruled properly. The questions do not relate to anything that plaintiff had testified to on his examina-

tion in chief. The testimony sought to be elicited thereby was only material, if at all, in connection with defendant's counterclaim, which, as yet, had not been opened before the jury.

We are also of the opinion there could be no prejudicial error, based on the rejection of this testimony, because it was wholly immaterial for any purpose. That corn raised during the year 1909 was generally poor and of a low grade was wholly immaterial to the issues. The subject of the sale was the particular corn of defendant; and what other corn, raised by some other person, or in some other year, was generally, as to soundness and grade, could have no possible bearing upon the quality of defendant's corn, agreed to be sold to plaintiff. It is a matter of common knowledge that corn may generally be very poor and of low grade any year, and still some persons may have and raise corn of the very best quality.

[10] Appellant also contends that the evidence is insufficient to justify the verdict, in that the eidence conclusively shows that plaintiff received and kept 214 bushels of said corn and used the same, in addition to the corn returned by plaintiff to the Thompson elevator, thereby rendering the verdict of $725, and interest, excessive. We are of the opinion this contention is not well founded. It will be observed that defendant, by his amended answer, contained in the statement of facts included in his brief, only claims to have hauled and delivered to plaintiff 214 bushels. That is the exact number of bushels plaintiff also claims was delivered to him. Defendant on the witness stand, and by an amendment to his answer made on the trial, claims to have hauled to plaintiff six loads, aggregating 328 bushels, and argumentatively testified that plaintiff must have kept and used 214 bushels. Plaintiff testified he did not know the number of loads delivered; that the corn, when delivered, was loose in the wagon box, and was placed in sacks as taken out of defendant's wagon and placed in plaintiff's buildings. Plaintiff also testified that he kept and used approximately 100 bushels and returned 114 bushels. Plaintiff's testimony also tended to show that some of the loads hauled in by defendant he refused to permit defendant to unload, and that defendant disposed of or took the same elsewhere. The jury had the right to

take into consideration the manner in which said corn was delivered and placed in sacks in weighing the testimony of the several witnesses as to the number of bushels delivered. There was substantial conflict as to the number of bushels delivered to plaintiff, and the verdict of the jury is conclusive.

Finding no reversible error in the record, the judgment of the circuit court is afirmed.