FRANK BROTHERS v. THE FAR STORE.

*Charge to jury—Issues not pleaded but raised by evidence introduced without objection—Sales—Burden of proof—Vendor to prove goods equalled sample.*

1. If, on the trial, evidence relevant to the subject-matter of the action is introduced without objection, it is the duty of the court to charge the jury the law applicable to the fact developed by the evidence, although such issue was not pleaded.
2. When the vendee of goods, which were purchased from a sample, refuses to accept the goods tendered, on the ground that they are inferior in quality to the sample, the vendor in order to recover the purchase price must assume the burden of proving the goods tendered equal in quality to the sample.

(Decided October 12, 1923.)

ERROR: Court of Appeals for Mahoning county.

*Mr. D. J. Hartwell; Mr. J. K. Harrison* and *Mr. D. W. Mumaw,* for plaintiff in error.

*Messrs. Moore, Barnum & Hammond,* for defendant in error.

POLLOCK, J. The plaintiff is a partnership engaged in the manufacture of underwear and shirts in the city of New York. The defendant is a corporation engaged in the retail mercantile business in the city of Youngstown. In January, 1920, one of the salesmen of plaintiff came to Youngstown and secured from the defendant an order purchasing a certain number of dozen shirts, which were to be thereafter manufactured by plaintiff. The shirts were to be delivered by the plaintiff to the

defendant on the 15th day of July of that year. Some time prior to the date of the delivery, the defendant, by letter, requested the plaintiff to delay the delivery of the shirts until some time in the future. The plaintiff answered that it would retain the shirts until the first of August. Shortly prior to the first of August the defendant, by letter, asked for and secured from the plaintiff a sample of the goods from which the shirts were manufactured. About the first day of August, the plaintiff received a letter from the defendant cancelling the order for shirts. The plaintiff in answer asked the defendant for an explanation of its action cancelling the order, and received a reply that the order was cancelled, without giving any reason therefor. Shortly after this, plaintiff brought an action in the Court of Common Pleas of Mahoning county to recover the contract price of the shirts, and alleged in the petition that the shirts had been manufactured in pursuance of defendant's order and were held ready to be delivered to defendant.

The defendant filed an answer in which it admitted that on or about January 20, 1920, it gave plaintiff a certain order for shirts, but not as set forth in plaintiff's petition; and, by way of further answer, denied each and every statement of the claim as set forth by plaintiff.

The plaintiff, by deposition, introduced in evidence the order given by defendant for the manufactured shirts, as set out in the petition, and asserted that it had manufactured these shirts. It introduced testimony that the manufactured goods were boxed, and on the street, ready to be taken by a drayman to the station of the common

carrier in New York City, designated in the order as the place of shipment of the goods to Youngstown. Under the provisions of the order the possession of the goods would pass from the plaintiff to the defendant upon their delivery to the common carrier, in the city of New York. Plaintiff further introduced testimony that upon receiving the letter from defendant to the effect that it, defendant, had cancelled the order, it, plaintiff, returned the manufactured goods to its own warehouse and was retaining them subject to the order of the defendant.

The defendant introduced testimony tending to prove that the order was given from samples of manufactured shirts exhibited by the salesman at the time of securing the order; further, that the samples furnished by the plaintiff to the defendant, shortly before the first of August, of the goods from which the shirts were manufactured, were inferior in quality to the goods of the samples of the manufactured shirts exhibited by the salesman at the time the order was given.

The plaintiff did not object to the introduction of this testimony by the defendant. The court charged the jury that the burden was upon the plaintiff to prove, by a preponderance of the evidence, that the manufactured shirts were of equal quality to the sample shown by the salesman at the time the order was given. Plaintiff urges that the court committed error in placing the burden upon the plaintiff to prove that the manufactured shirts were equal to the sample. It urges that this was error, first, on the ground that the answer of the defendant was only a denial that it gave the order, as pleaded by plaintiff, and, second, that

it had offered to deliver the goods in the order given by defendant.

Plaintiff claims that if the defendant wished to avail itself of the implied warranty that the manufactured goods should be equal to the sample it should have plead in its answer that the order was given from an examination of the sample, and that the manufactured goods were not of a quality equal to the sample. But the plaintiff, as we have stated, permitted the defendant, without objection, to introduce evidence tending to prove that the shirts manufactured were inferior to the samples shown at the time the order was given.

Generally the instructions given by the court to the jury should be confined to the issues made in the pleadings and facts developed by the evidence on these issues. But when a party permits, on the trial, evidence of facts not raised in the issues by the pleadings, he should not be heard to complain that the court in the charge gave the jury the law relative to the facts offered by the evidence.

Although such facts were not within the issues pleaded, the parties, by permitting such testimony, tacitly agreed that the case might be tried on other issues than those raised by the pleadings. *Hansen* v. *Kline,* 136 Iowa, 101 (113 N. W., 504); *Missouri River Transp. Co.* v. *Minneapolis & St. L. Ry. Co.,* 34 S. D., 1 (147 N. W., 82); *Erickson* v. *Fisher,* 51 Minn., 300 (53 N. W., 638); *Qualy* v. *Johnson,* 80 Minn., 408 (83 N. W., 393); *Andrews* v. *Chicago & G. W. Ry. Co.,* 129 Iowa, 162 (105 N. W., 404); *Brusie* v. *Peck Bros. & Co.,* 135 N. Y., 622 (32 N. E., 76); *Natl. Mut. Fire Ins. Co.* v. *Sprague,* 40 Colo., 344 (92 Pac., 227).

If, on the trial, evidence relevant to the subject-matter of the action is introduced without objection, it is the duty of the court to charge the jury the law applicable to the facts developed by the evidence, although such issues were not pleaded.

"The sound view is believed to be that the instructions have no connection with the pleadings, except *through* the evidence. The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense, and to guide the court in admitting or rejecting evidence." 2 Thompson on Trials (2 ed.), page 1569, Section 2310.

The plaintiff further claims that even as tried the burden was upon the defendant to prove that the manufactured shirts were not equal in quality to the sample, and not upon the plaintiff, as the court charged the jury.

It is a general principle that a party must prove his performance of the contract before he can require the other party to the contract to perform. This rule is applicable where the sale is made by sample, as well as to other contracts. If the goods in the shirts manufactured under the contract was not equal in quality to the goods from which the sample shirts were manufactured, then plaintiff had not performed its contract. When the plaintiff brought its action to recover the contract price of the shirts, which it claimed it had manufactured for the defendant, and the issue was made by the evidence that the shirts offered to be delivered were not of the quality of the sample from which the order was given, it was incumbent upon the

plaintiff to prove by a preponderance of the evidence that the goods in the shirts manufactured and offered to be delivered was of the quality of the goods in the sample. *Simons, Exr.,* v. *Ypsilanti Paper Co.,* 77 Mich., 185; *Penn & Montgomery* v. *Smith,* 98 Ala., 560 (12 So., 818); *Ruiz* v. *Norton,* 4 Cal., 355; *Wolf* v. *Dietzsch,* 75 Ill., 205; *Pacific Coast Elevator Co.* v. *Bravinder,* 14 Wash., 315 (44 Pac., 544).

Our attention has been called to the case of *Dorr* v. *Fisher,* 55 Mass. (1 Cushing), 271, which the plaintiff claims sustains its proposition that the burden is on the defendant to prove the inferiority of the goods. From an examination of the facts recited in that case it appears that the purchaser had accepted the goods. When sued for the purchase price he sought to recoup by setting up a violation of the warranty on the ground that the goods furnished him, and accepted, were not of the quality represented at the time of the purchase. In that case the court held that the burden was on the defendant to prove the inferiority of the goods delivered. A different principle arises where the buyer accepts the goods and then seeks to reduce the amount of recovery by proof of a violation of warranty or representation made at the time the goods were purchased. In such case the rule is that the burden is upon the defendant to show the inferiority of the goods delivered and accepted. But that is not the rule where the party refuses to accept the goods on the ground that the goods offered to be delivered are a violation of the warranty, and the seller sues for the purchase price.

Upon a reading of the case of *Dorr* v. *Fisher,*

*supra,* the reason will appear for placing upon defendant this burden of proving the inferiority of goods which he has accepted, the purchase price of which he seeks to reduce by a defense of quality inferior to that of the sample.

There was no error in the court placing the burden of proving the quality of the manufactured shirts upon the plaintiff.

There was further error complained of, the giving by the court of the fourth request of the defendant to charge before argument. The court, by this request, said to the jury that there was no evidence introduced that the plaintiff delivered the manufactured shirts to the common carrier. There was no evidence of this fact. The plaintiff introduced testimony that while the goods were on the sidewalk ready to be delivered to the common carrier it received the letter from defendant cancelling the order, and thereupon returned the goods to the warehouse.

What the court said to the jury in giving this request was true, but it was not an issue in the case, and the court might well have refused to give this request. We think there could be no error affecting the substantial rights of the plaintiff in giving the request, especially in view of the charge given by the court to the jury that it was not necessary, upon the defendant refusing to accept the goods, for the plaintiff to deliver them to the common carrier.

It is further urged that the court, on the motion for a new trial, should have set aside this verdict and granted a new trial on the ground of surprise. The plaintiff claims that it was taken by surprise by the defendant having introduced the testimony

as to the lack of quality of the shirts manufactured, for the reason that it had not made that claim in any of its letters cancelling the order, or in the pleadings.

This case remained on the docket of the court of common pleas for some weeks after the verdict was returned, and before the court passed on the motion for a new trial. No affidavit or other testimony was introduced before the court passed upon the motion for a new trial, tending to show that the cloth in the manufactured shirts was the equal of that in the sample.

We do not forget that the plaintiff, after the judgment overruling the motion was entered by the court below, asked the court to set aside the former entry, and consider an affidavit then offered, claiming that, on account of the delays in the mail, this affidavit had not reached the attorneys in Youngstown as soon as it should, or it would have been in time for consideration of the court before this motion was passed upon.

To set aside the judgment already entered, overruling the motion for a new trial, was within the discretion of the court. There is no fact before this court which tends to show that the court abused that discretion. The bill of exceptions does not contain any affidavit offered in the court below to sustain the motion for a new trial, filed either before or after the motion was overruled. In order that this court can look to the affidavit for a new trial it must be embodied in a bill of exceptions. *Sleet* v. *Williams*, 21 Ohio St., 82; *Schultz* v. *State*, 32 Ohio St., 276; *Long* v. *Cassiero*, 105 Ohio St., 123.

We find no error in the record in this case and the judgment of the court below is affirmed.

*Judgment affirmed.*

FARR and ROBERTS, JJ., concur.