WARREN N. GODDARD and Another, Respondents, *v.* HARRIS CASSELL and Another, Appellants.

*Amendment of a complaint changing the cause of action from one for the recovery, to one for the conversion, of chattels — Code of Civil Procedure, § 723.*

Ordinarily the appellate court will not interfere with the discretion of the Special Term, exercised under the provisions of section 723 of the Code of Civil Procedure, in permitting a complaint alleging a cause of action for the recovery of the possession of personal property to be so amended as to allege a cause of action for the conversion thereof.

APPEAL by the defendants, Harris Cassell and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of April, 1894, granting the plaintiffs' motion for leave to serve an amended complaint.

*A. Blumenstiel,* for the appellants.

*Abraham Gruber,* for the respondents.

PARKER, J. :

It was not held in *Freeman* v. *Grant* (132 N. Y. 22) that the court at Special Term is without authority to permit an amendment to a complaint which shall entirely change the cause of action.

The decision made was that such an amendment may not ordinarily be granted on the trial against the objection of the other party. Upon the question of power there has been some conflict of authority, but this controversy was recently put at an end by the Court of Appeals in *Deyo* v. *Morss* (144 N. Y. 216). The court held that, under section 723 of the Code of Civil Procedure, authority is conferred upon the Special Term to direct an amendment of the complaint, although it changes the cause of action and substitutes another belonging to a different class. The Special Term was informed, by the pleadings and affidavits before it, that A. & J. Levy fraudulently, and without intent to pay therefor, obtained from the plaintiffs certain personal property, which these defendants thereafter directed the sheriff of the city and county of New York to take possession of, and sell under certain writs of execution issued to him against the property of the firm of A. & J. Levy ; that the sheriff in accordance with such direction sold the property and paid over the proceeds realized upon the sale to the creditors in whose favor the executions were issued. Before the sale the plaintiffs demanded of the sheriff that he deliver to them such property, and he having refused, an action to recover their possession was instituted. Thereafter these defendants, at their request, were substituted as defendants in such action in the place and stead of the sheriff. Before the action came on for trial it was decided in *Wise* v. *Grant* (140 N. Y. 593) that where a sale and delivery of goods is procured by fraudulent representations on the part of a purchaser,

the title and possession pass to him notwithstanding the fraud, subject to the right of the vendor to rescind the contract of sale; that if such goods be levied upon prior to any act on the part of the vendor, showing an intention to rescind the contract of sale, an action of replevin to recover the goods will not lie, the remedy of the vendor being in an action for conversion against the sheriff after demand made upon him for a delivery of the goods and his refusal. This decision coming to the knowledge of the plaintiff's attorney, he promptly made a motion for leave to so amend his complaint as to make the cause of action one for conversion instead of one for the recovery of the possession of the property. The Special Term in the exercise of its discretion granted the motion upon payment of taxable costs and disbursements, and we see no reason for questioning the decision made.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.