# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

MISSOURI RIVER TRANSPORTATION COMPANY, Respondent, v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, Appellant.

(147 N. W. 82.)

1. **Pleading—Bailment—Conversion by Bailee—Complaint—Conversion; Not Replevin. Conclusion of Law.**

A complaint alleged that on and before a certain date plaintiff was owner and in possession of a barge, which was being used by it, stating its value, that on that date defendant borrowed the barge to use in ferrying cattle, and it was then and there loaned by plaintiff to defendant, that defendant failed and refused to return it, and unlawfully detained it from plaintiff, that plaintiff has been wrongfully deprived of its use during two succeeding years, to plaintiff's damage, wherefore plaintiff prays judgment for a return of the property, and, if return cannot be had, for judgment against defendant for the sum specified as the barge's value, with interest, and for another sum as damages for use of property. **Held**, the complaint alleged a cause of action for conversion by a bailee, and not for one in replevin; that the allegation that defendant "unlawfully detained the same from plaintiff" was a conclusion, and not a statement of fact.

2. **Complaint—Conversion—Relief, Affected by Answer.**

Where, in a suit for conversion of bailed property, the answer denied both bailment and conversion, the court may wholly disregard the demand for relief in complaint, in so far as it is not within the issues.

3. **Pleading—Bailment—Recovery of Possession, Or Value of Converted Property—Damages for Use.**

Under a complaint for a bailee's refusal to return property loaned, recovery may be had of specific property, as in

replevin, or for the value of converted property, and if plaintiff chooses to demand return of specific property, he may demand damages for its use while wrongfully detained.

**4. Trial—Continuance—Amendment of Complaint—Additional Evidence Required—Surprise.**

Defendant is not entitled to a continuance because of an amendment of complaint, unless the amendment changes the issue so as to require evidence additional to, or other than, that which would have been necessary without the amendment; and unless such new or additional evidence became necessary; defendant could not claim surprise, or unpreparedness to proceed to trial because of the amendment.

**5. Pleading—Amendment—Disregard of Technicalities—Amendment Instead of Dismissal.**

Even where the complaint is for recovery of possession, instead of for conversion, yet to penalize plaintiff by dismissal of the action, instead of permitting an amendment so as to warrant recovery for conversion, would be inconsistent with our reformed procedure, which disregards technicalities not affecting substantial rights..

**6. Trial—Instructions—Allegations—Evidence Not Objected to—Duty of Court.**

Where relevant evidence is received without objection, it is the duty of the court to instruct jury as to the law applicable to the facts, even though the facts so proven are not alleged.

(Opinion filed April 27, 1914.)

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by the Missouri River Transportation Company against the Minneapolis & St. Louis Railway Company, for recovery for conversion of property by defendant as bailee. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Sutherland & Payne* (*W. H. Bremner of counsel*), for Appellant.

The complaint under which the case was tried, stated a cause of action for the recovery of specific personal property. Kierbow v. Young, (S. D.) 107 N. W. 371; Frotheringham v. Lockhart, (S. D.) 138 N. W. 804; Lile v. Barnes, (S. D.) 139 N. W. 338.

The gist of this action is the wrongful detention of the property at the time the action is commenced. If the defendant has not the possession of the particular property at the time the action is commenced, it will not lie. Willis v. De Witt, 3

S. D. 281; McCormick Harvesting Machine Co. v. Woulph, 11 S. D. 252; Longerbeam v. Huston, (S. D.) 105 N. W. 743.

Defendant's motion at the close of the trial should have been granted, and circuit court should be directed to enter an order of non-suit. See cases cited supra.

Amendment of complaint was unauthorized in law and its allowance an abuse of discretion by the trial court. Section 150, Code Civil Procedure; 31 Cyc. 412, note 99; Woulfinger v. Thomas, (S. D.) 115 N. W. 100; Post v. Campbell, (Wis.) 85 N. W. 1032.

An amendment cannot change an action from one in equity to one in law, or vice versa—Byrne v. McKeachie, (S. D.) 136 N. W. 343—neither can an action be changed from an action in tort to one on contract—Cooke v. N. P. Ry. Co., (N. D.) 133 N. W. 303; Taugher v. N. P. Ry. Co., (N. D.) 129 N. W. 750.

The court erred in instructing the jury upon the whole case, upon all of the rights and liabilities of the parties with respect to this property. Thompson on Trials, Sections 2328, 2346; 38 Cyc. 1629; Partridge v. Cutler, 168 Ill. 513.

Appellant's exceptions to the instructions are found as part of the record made up by the Clerk and certified to by the Judge, (Pages 203-204-205, record).

*Gaffy, Stephens & Fuller,* for Respondent.

The complaint as amended was in conformity with the proof; the amendment merely eliminated the demand for the return of the barge and, in lieu thereof, sought its value. Defendant could not possibly have been prejudiced by such amendment unless, by the same, it was precluded from offering evidence which it might have had that was pertinent to the issues made by the amended complaint. The issues under the amended complaint were no different than those under the original complaint. Sec. 150, Code Civil Procedure; Henderson v. Hart, 54 Pac. 110, 122 Cal. 332; Craven v. Russell, 118 N. C. 564, 24 S. E. 361; Goddard v. Cassell, 84 Hun 43.

No new issues were raised by the amendment, and no surprise could have been given defendant thereby. It may be taken for granted that if counsel for defendant and appellant could have made any showing of a fact, or even theory, that would have en-

titled them to a continuance or to time, the showing would have been made under the leave given them by the court. ·

The record does not show that any exception to the instruction of the court was allowed, that such exceptions were filed before the retirement of the jury, or considered by the court in any way.

SMITH, P. J. A brief statement of the facts is necessary to an understanding of the questions presented on this appeal.

The plaintiff, a corporation, was operating a ferry as common carrier, across the Missouri river, at the town of LeBeau. The defendant railway company, was a common carrier, having its terminus at the town of LeBeau. A portion of its freight and passenger traffic originated on the opposite side of the river from LeBeau. To facilitate this traffic, the railway company entered into a contract with the ferry company for the maintenance of a ferry or pontoon transfer of its freight and passengers across the Missouri river, at that point, stipulating to pay plaintiff $10.50 per day for such service, when operated by ferry boat, and $7.00 per day for pontoon service. The pontoon bridge, if installed, was to be furnished by the defendant railway company, the plaintiff company to be responsible for its safe maintenance, and contracting to take out the pontoon and deliver it on the bank of the river, at LeBeau, when ordered so to do by the superintendent of the railway company. In the fall of 1909, the railway company constructed a pile bridge across the east channel of the river, to an island or sand-bar. The plaintiff was the owner of the barge, anchor and hawser in dispute in this action, which were alleged to have been borrowed by the defendant company and placed in the pile bridge to fill a gap therein, and was so used in connection with the bridge, until taken out by a sudden flow of ice in November of that year. The barge was carried down stream a short distance, and lodged on a bar. Unsuccessful attempts were made by employees of the defendant company to pull it out on the bank. It was tied to the shore with lines and remained through the winter. When the ice went out in the spring, the barge was carried down stream a mile or so, but was again caught and secured by a cable to a tree on the bank. Shortly afterwards, it was loosed from its moorings, carried down stream, and broken up and destroyed. All these facts were known to the plaintiff before

the commencement of this action.    In February, 1911, the plaintiff, through its attorneys, presented a claim against the defendant company, in the sum of $1,000, alleged to be the value of the lost barge, claiming it to have been lost while in defendant's possession.    Plaintiff thereafter brought this action.

The allegations of the complaint, so far as material to the questions presented on this appeal, are as follows: III. "That on and prior to the 6th day of September, 1909, this plaintiff was the owner and in possession of a certain barge equipped with an anchor and hawser which barge, anchor and hawser were being used by the plaintiff on the Missouri river at a point near the town of LeBeau, Walworth county, and that the same was then and there of the total value of $800.00.    IV. That on or about the said 6th day of September, 1909, the defendant borrowed of and from the plaintiff, the said barge, anchor and hawser to use by defendant in crossing some cattle from one side of the Missouri river to the other; that the said barge was then and there loaned by plaintiff to defendant, and defendant received the same to be used by defendant during the fall of 1909, and then returned to plaintiff.    V. That the defendant has failed and refused to return said barge, anchor and hawser, or either of them to this plaintiff, and unlawfully detains the same from the plaintiff.    VI. That the value of said property at the time the same was borrowed from plaintiff by defendant was the sum of $800.00.    VII. That the plaintiff has been wrongfully deprived of the use of the said property during the season of 1910 and 1911, to its damage of $500.00; Wherefore, Plaintiff prays judgment against the defendant for the return of the said property; and if the return thereof cannot be had, then that plaintiff have judgment against the defendant for the sum of $800 with interest thereon at the rate of 7 per cent. from September 6th, 1909, and for the sum of $500 damages for the use of said property, together with the costs of this action."    The defendant by its answer pleaded the contract whereby plaintiff agreed to install and operate the ferry across the Missouri river at LeBeau, for the accommodation of defendant's freight and passenger traffic, and alleged in substance, that the barge was placed in the pile bridge at LeBeau, to facilitate the carrying out of plaintiff's contract, and that said barge was never in the possession of the defendant.    Defendant

also pleaded a counterclaim for damages for failure of plaintiff to fulfill its said contract. Upon the issues thus raised, the action came on for trial in November, 1912, before the court and a jury. Evidence on behalf of both plaintiff and defendant fully and completely covering every matter connected with the entire transaction set out in the pleadings of both plaintiff and defendant, was received without objection, so far as the printed record discloses.

At the close of the evidence, the defendant moved the court for direction of a verdict, on the following ground: "That this case is one in replevin or claim and delivery as it is called, and the relief demanded is for the return of certain specific property and damages for its detention and that the undisputed evidence shows that the property described in the complaint and sought to be recovered was not in the possession of the defendant at the time of the commencement of this action and for a considerable period prior thereto, and that the defendant could not answer to the writ sought by the plaintiff in this action, and could not respond to the relief demanded and that the judgment on this account should be for the defendant with costs." Before any ruling was made on this motion, the plaintiff moved the court for leave to amend the complaint, by striking from Par. 5 the words: "and unlawfully detains the same from the plaintiff," and to insert in lieu thereof, the words "to plaintiff's damage in the sum of $800"; to strike from the complaint, Par. 7, and to amend the prayer of the complaint to a demand for judgment for $800 with interest at 7 per cent. from September 6, 1909. Defendant's counsel objected to the proposed amendment on the ground "That the complaint alleges a cause of action for claim and delivery or replevin, and that the plaintiff, by its proposed amendment, is seeking to change such cause of action to an entirely different cause of action, to-wit: a cause of action for conversion; and that the defendant is surprised at this time, and is not prepared to try a cause of action against the defendant for conversion. That the defendant has presented no evidence to meet such cause of action at the trial and is not prepared to try such cause of action at this time; and that the court has no authority under the statute to grant such an amendmen at this time; and the further objection that such amendment would be immaterial." The court denied defendant's motion for a directed verdict, and granted plaintiff's motion to amend the

complaint. The defendant thereupon, demanded a continuance of the action upon all the grounds urged in its objection to the amendment, and on the further ground, that it was surprised by the issues raised in the amendment of the claim of the plaintiff, at this time, and makes such application "upon the files and records in the case and the evidence before the court." The application was denied, whereupon, the defendant renewed its motion and asked permission to file an affidavit, setting out in detail, the facts and the evidence to be presented under the new complaint; and asking leave to answer the complaint as amended, and for tiime in which to make said answer.

The trial court ruled that the amendment merely conformed the pleading to the proof, after the evidence was all in, and denied defendant's application, for the further reason that the issues were not changed by the amendment allowed. These rulings of the trial court present the only questions upon this appeal. They are: First. Did the trial court err in refusing appellant's motion for direction of a verdict, at the close of the evidence? Second. Did the trial court err in permitting an amendment of the complaint and in denying the application for the continuance and leave to answer the amended complaint? Appellant's motion for direction of a verdict was based on the theory that the action is in the nature of replevin; that the evidence conclusively shows that the property was not in defendant's possession when the action was begun, of which fact plaintiff then had knowledge; that upon these facts, the action of replevin will not lie, and therefore defendant was entitled to direction of a verdict.

[1] The question decisive of appellant's theory is whether the complaint must be construed as stating a cause of action in replevin so called, or whether it may be construed as stating a cause of action for conversion by a bailee.

Section 2337 of the Civil Code is as follows: "A person entitled to the immediate possession of specific personal property, may recover the same in the manner provided by the Code of Civil Procedure." Under this section, the specific purpose of the action is the recovery of immediate possession. In a default action, the plaintiff must plead such facts as are essential to sustain an enforcible judgment for possession. The complaint must state facts shown that at the commencement of the action, the property

was in possession of defendant; that plaintiff is owner and entitled to immediate possession, and that defendant now wrongfully detains the property. These are the necessary substantive allegations of fact under this section of the Code. It is clear that the complaint in this action lacks allegations essential in an action to recover immediate possession of specific personal property. The complaint does not allege that defendant is in possession, nor does it state any fact showing that plaintiff is entitled to immediate possession, as that the period of bailment is ended. The only allegation is that defendant "unlawfully detains the same from plaintiff." This statement is a conclusion of law and not a statement of fact. Schofield v. Whitlegge, 49 N. Y. 259. The demand for relief in the complaint might be appropriate in an action for recovery of possession, but all the substantive allegations of the complaint correspond more closely to those required in a conversion action.

[2] The complaint alleges that defendant came into possession of the property under a loan for use, whereby the defendant would become a bailee. The answer in effect, denies the bailment, and alleges that plaintiff was in possession of the property at all times, as well as when the same was lost or destroyed. The substantive allegations of the complaint and answer control the demand for relief. The complaint is sufficient to sustain a judgment for conversion by a bailee. The answer denies both the bailment and the conversion. The court may therefore wholly disregard the demand for relief so far as the same is not within the issues.

In Vol. 3 Wait's Practice, 606, the following rules are laid down as applicable under the New York Code of Civil Procedure, which is like our own. (Code Civ. Proc. §§ 311, 312). "The Code makes an important distinction as to the measure of relief which may be granted to the plaintiff against a defendant who answers the complaint, and that which he may have against one who makes default. In the latter case, relief granted cannot exceed that which the plaintiff has demanded in his complaint. * * * On the other hand, when the defendant puts in an answer, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. * * * This provision of the Code is in conformity to the former equity practice where the complaint contained a general

prayer for relief.   (Boardman v. Davidson, 7 Abb. N. S. 439) * * * and the plaintiff may be allowed any judgment to which upon the allegations and proof, he is entitled, either at law or in equity. * * * even though the complaint contains no prayer for general relief. * * * So if the case which the plaintiff states, entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled. * * * and it is sufficient if facts be stated in the complaint which warrant the judgment, although the grounds upon which the judgment was rendered were other than those evidently contemplated by the pleader. * * * No trouble need arise as regards the form of the action, whether it be on the case or on the contract; for if the facts stated in the complaint give a right of action, the plaintiff can recover on that complaint * * * nor need the complaint be artistically drawn."

In 2 Wait's Practice, 331 (§ 2), it is said:  "When the statement of facts constituting a cause of action will support either of two actions, and it is doubtful which the pleader intended, the court will in some cases regard the form of the summons, and the demand for judgment, or relief, as in some degree evidencing the intent of the pleader. * * * (§ 3)   Although a summons may be used as an aid in determining the intent of the pleader, and although the demand for judgment will be received as evidence of his conclusion as to the nature and extent of the relief to which he is entitled, still the court may disregard the summons, the demand for relief and the manifest intent of the pleader, when they are inharmonious with the facts alleged and proved on the trial. * * * The very object of the new system of pleading was to enable the court to give judgment according to the facts stated and proved, without reference to the form used or the legal conclusions adopted by the pleader. * * * So the pleading will be construed according to the facts alleged, and not according to what the pleader intended to allege." * * *

[3] Both the original and the amended compaint plead a contract of bailment, under which possession of the property is alleged to have been delivered to defendant. Both allege that defendant has failed and refused to return the property to plaintiff.   Under the general state of facts, plaintiff was at liberty to pursue either of

two remedies. It could demand a return of the specific property, as in the so-called replevin action, or could treat the refusal of the defendant to return the property as a conversion, and demand a judgment for its value. Van Zile, Bailments, § 60. If the plaintiff chose to demand a return of the specific property, it could also demand damages for the value of the use thereof while wrongfully detained, and an alternative judgment for a return of the property or its value. Under the complaint as amended, alleging conversion by the bailee, the plaintiff could recover no more than a judgment for the reasonable value of the property, with legal interest from the date of the conversion.

[4] The amendment relieved defendant of the burden of meeting plaintiff's claim of damages for the value of the use, and in this particular was a benefit and not a detriment to defendant. Appellant's most important contention is that the court erred in denying its demand for continuance, after allowing the amendment. The fact that a complaint is amended, does not of itself, entitle the defendant to a continuance, unless the amendment so changes the issues as to require evidence additional to, or other than, that which would have been necessary without the amendment. Unless new or additional evidence became necessary, the defendant could not claim surprise, or that it was not prepared to proceed with the trial, because of the amendment. Appellant does not and could not be heard to contend that it was not ready with necessary evidence to proceed to trial, upon the issues raised by the allegations of the original complaint, and the answer thereto. It follows that, unless other or additional evidence was required to meet the new allegations of the amended complaint, the defendant could not claim surprise, and the trial court did not err in refusing a continuance because of the amendment. The decisive question is, whether it is made to appear by the record, that other or additional evidence was, or could have been necessary to meet issues presented by the amended complaint and answer. So far as the plaintiff's case was concerned, precisely the same evidence was necessary to establish the cause of action, under the amended complaint, as under the original complaint, after plaintiff abandoned its claim for damages for value of use. I think we must assume appellant was not asking a continuance to procure evidence to controvert plaintiff's allegation of

value of the property.   Appellant's brief says:   "It is also un-disputed that the value of this property at that time was $800."
Aside from the value of the property not urged or relied on by
appellant, the answer amounts only to a denial of the bailment,
accompanied by affirmative allegations of facts which defendant
claims show that the transaction was not a bailment but that the
property was at all times in plaintiff's possession, or that it was
returned to plaintiff.   So far as this appeal is concerned, the
counterclaim is abandoned, and requires no consideration.   The
record shows that but one witness was sworn in behalf of plaintiff,
the identical person who, at all times as to the matters in dispute,
acted with full authority for plaintiff.   Three witnesses, the
only persons who acted on behalf of defendant, gave testimony at
the trial.   There is nothing tending to show the existence of
other evidence relevant to the transaction in litigation.   In fact,
appellant in its brief says:   "The controverted facts were:   1. As
to the borrowing of the barge and other property, and 2. If the
defendant borrowed it and took it into its possession, did it re-turn it?"   It is clear, from the record and the instructions of the
trial court, that these questions were submitted to and determined
by the jury, upon full and complete evidence of both parties.

[5] Again, even though the action were for recovery of pos-session instead of conversion, yet to penalize plaintiff by dismiss-ing the action instead of permitting an amendment, would be in-consistent with the spirit of our reformed procedure, which de-mands a disregard of technicalities when they in no way affect
the substantial rights of parties.   Henderson v. Hart, 122 Cal. 332,
54 Pac. 1110; Craven v. Russell, 118 N. C. 564, 24 S. E. 361;
Goddard v. Cassell, 84 Hun 43; 31 N. Y. Supp. 1044.   A dismissal,
even though not a bar to another action, could only result in a new
action and would delay the final adjudication of the rights of the
parties.

[6] Appellant urges in argument, but does not assign as error,
variance between the cause of action alleged in the complaint, and
that proved at the trial.   The same proposition is again urged in
another form, viz.: that the court submitted the case to the jury
upon a theory different from that on which it was tried, and not
within the issues made by the pleadings, for the reason that the
complaint "contains no allegation of an agreement to return the

property," and therefore neither a bailment, nor loss by negligence of a bailee, was in issue. The fourth paragraph of the complaint does contain such an averment. But even if it did not, there is no exception in the printed record, to evidence, or to the charge of the court upon which appellant could urge such contention. The entire evidence received, related to the alleged bailment of the property, and the manner of its loss. It not only is not error, but is the duty of the court to instruct the jury as to the law applicable to the *facts*, when the evidence is received without objection. Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715. In that case this court quotes with approval, the rule laid down in Thompson on Trials: "The sound rule is believed to be that the instructions have no connection with the pleadings, except through the evidence. The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense, and to guide the court in admitting or rejecting evidence. The jury have nothing to do with them, and are not permitted to take them to their room when they retire, and it is unprofessional for counsel to comment on them to the jury, nor should the court permit it to be done. * * * If neither of the parties has objected to the evidence on the ground of variance, the judge is to instruct the jury upon the whole evidence; the rule being that a variance between the pleadings and the evidence is no ground of error unless the evidence was objected to on this ground at the tiime it was offered." The case of Longerbeam v. Huston, 20 S. D. 254, 105 N. W. 743, is not controlling here, as that action was strictly for recovery of possession, and the only defense offered, was that the property was not in defendant's possession, at the commencement of the action. The action should be considered as in trover or conversion, and is within the rule announced in Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463.

The finding of the jury upon the controverted facts, was with the plaintiff. No reversible error appears in the record and the judgment is affirmed.

WHITING, J. While I concur in the conclusion reached in the foregoing opinion, I am unable to concur in the construction placed upon plaintiff's complaint. This pleading should be construed as against the plaintiff, and should be construed as setting

forth a claim for the possession of personal property and for damages for its detention—in other words, an action in replevin. But the nature of the cause of action pleaded becomes immaterial in view of the fact that, without objection, evidence was received showing plaintiff entitled to relief other than that prayed for. The court did not abuse its discretion in allowing the complaint to be amended; neither did it, under all the facts before it, abuse its discretion in refusing a continuance.